## DETROIT FIDELITY & SURETY CO. v. FIRST NAT. BANK OF WICHITA FALLS.

### No. 12884.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 2, 1933.

Rehearing Denied Dec. 16, 1933.

William N. Bonner, of Houston, and V. Childress, of Wichita Falls, for appellant.

J. T. Montgomery, of Wichita Falls, for appellee.

POWER, Justice.

This suit was instituted by appellee First National Bank of Wichita Falls, Tex., against J. M. McFall and the Detroit Fidelity & Surety Company, for a balance due on a note for $7,000 payable to the bank and dated January 15, 1931, signed "McFall Brothers by J. M. McFall," and to recover said balance from appellant surety company under the terms of a contract executed by appellant surety company dated August 5, 1930.

It is admitted that J. M. McFall as an individual had been doing business since 1925 and until April 20, 1929, under the tradename of "McFall Brothers." On April 20, 1929, a charter was presented to and approved by the then secretary of state creating a corporation under the name "McFall Brothers, Incorporated." J. M. McFall was one of the incorporators, and the supporting affidavit shows that he subscribed and paid for the major portion of the stock, and the supporting affidavit filed with the charter also tends to show that all of the assets of McFall Brothers as operated by J. M. McFall was assigned and transferred to the corporation. Soon after the creation of this corporation, J. M. McFall was named as its president.

On August 6, 1930, J. M. McFall applied in writing to appellant, Detroit Fidelity & Surety Company, for a bond payable to appellee, First National Bank of Wichita Falls, Tex. A note at the bottom of this written application is as follows: "If co-partnership, firm name must be signed as corporation. Corporate name must be signed in full with the officers name and title on line below."

The application was signed "J. M. McFall, D. B. A., McFall Brothers." There was a blank line for the signature, and under one of the lines it is stated "officers name and title as a corporation." There was no signature immediately above this line or any indication that it was the application of a corporation. In the body of the application the applicant's name was designated as "McFall Brothers, Auto Dealer."

Based on this application, a bond was executed by appellant reading in part as follows: "Whereas J. M. McFall, doing business under the trade name of McFall Brothers, has heretofore executed and delivered and will hereafter execute and deliver to the First National Bank of Wichita Falls, Texas, certain trust receipts covering certain described motor vehicles, a form of which trust receipt is hereto attached marked exhibit A and made a part hereof for all purposes."

The bond further provides: "If the said J. M. McFall shall well and truly perform or cause to be performed each and all of the conditions and covenants specified in said trust receipts now or hereafter filed with the said First National Bank of Wichita Falls, Texas, then this obligation shall be null and void, otherwise to remain in full force and effect."

Trust receipts were executed from time to time reading in part as follows: "Received of the First National Bank of Wichita Falls, Texas, the following motor vehicles (describing vehicle). We hereby acknowledge said motor vehicle is the property of the First National Bank and agree to take and hold same at our sole risk to all loss or injury."

The trust receipt further provides: "We hereby agree not to sell, loan, deliver, mortgage, or otherwise dispose of said vehicle to any person until after payment of amount shown on note held by First National Bank and permission given by the First National Bank."

These trust receipts were signed "McFall Brothers, by J. M. McFall."

On January 15, 1931, the note forming the basis of this suit was executed, payable to appellee and signed "McFall Brothers by J. M. McFall," and at the same time trust receipts were executed in the form hereinbefore indicated covering three cars and signed "McFall Brothers by J. M. McFall."

J. M. McFall was adjudged a bankrupt on May 5, 1931. He later, by supplemental schedule, listed as his debt the amount due appellee, and forming the basis of this suit.

It is agreed that "McFall Brothers Incorporated" was on September 8, 1932, adjudged a bankrupt and was then insolvent.

The terms of the trust receipts and the bond were breached by the sale of the cars mentioned and the money applied otherwise than to the payment of same to the bank.

The controversy was submitted to the court without a jury, and judgment was rendered for appellee for an unpaid balance on the note as against the appellant; J. M. McFall having answered, pleaded, and proved that he was discharged from his debts by reason of an order by the bankruptcy court. Appellant on appeal contends that the court erred in rendering judgment, in that there was a mistake in the identity of the principal whose acts the surety company undertook to guarantee, alleging that the business as a whole was the business of the corporation "McFall Brothers, Incorporated," since April 29, 1929, and that the breach of trust was that of the corporation, and that when J. M. McFall applied for a bond he falsely represented that he as an individual was doing business under the trade-name of "McFall Brothers" and that the bank knew of the corporation when the note and trust receipts, the basis of this controversy, were executed, and knew that all of the business was the acts of the corporation. There was evidence tending to prove this contention. The court, however, overruled the contention of appellant and rendered judgment for appellee.

The real question presented to this court and involved herein is whether or not appellant was liable upon the facts as developed at the trial, that is, whether or not there is evidence to sustain the judgment of the court. When J. M. McFall became president of the McFall Brothers, Incorporated, he did not lose his identity as an individual. Directors or officers of a corporation are not, because of fiduciary relationship, precluded from entering into an independent business provided he is acting in good faith with the corporation. Corpus Juris, vol. 14a, p. 121; Red Top Cab v. Hanchett (D. C.) 48 F.(2d) 236.

A written contract is high evidence of the identity of the contracting parties and terms of agreement. The claim of the bank is within the strict letter of the bond, the obligation is plain and unambiguous; the application for the guaranty or suretyship contract was made by J. M. McFall; the application discloses that he was doing business under the name of McFall Brothers; the bond and trust receipts indicate that he was doing business under the name of McFall Brothers. No reference was made in any writing, application, bond, trust receipt, or note that any of the business as to the note, application for bond, bond, or trust receipt, was transacted for or on behalf of any corporation. There is evidence to the effect that McFall and the bank treated these items as McFall's personal business. This court cannot say but that there is ample evidence to support the judgment of the trial court.

The evidence shows that at the time the application for the bond was made, J. M. McFall represented to the agent of the bonding company that the business sought to be guaranteed was his business under the trade-name of McFall Brothers. There was no evidence, even though this representation was false, that the bank participated in said representation; in fact, the evidence shows that the bank did not know of a corporation until long after the application was filed with the bonding company, and until long after the bond was executed. Whatever representations were made by McFall to the bonding company were not participated in by the bank. The law is well settled that the fraud or misrepresentation of a principal on a bond to induce the signature of a surety thereto is not a defense unless the obligee was in privity with the wrongdoer or had notice of the fraud before accepting the bond. 71 A. L. R. page 1278; National Union Fire Ins. Co. v. Peck (Tex. Civ. App.) 296 S. W. 338.

The judgment of the trial court is in all things affirmed.