M. B. ALLEN dba M. B. Allen Construction Co. and Reliance Insurance Co., Appellants,

v.

Raymond BRYANT et al., Appellees.

No. 8170.

Court of Civil Appeals of Texas, Amarillo.

Sept. 7, 1971.

Rehearing Denied Oct. 4, 1971.

Henry T. Ray, Amarillo, for appellants.

Stokes, Carnahan & Fields Robert N. Carnahan, Amarillo, for appellees.

JOY, Justice.

This suit to recover moneys claimed due on an oral contract was brought by Bryant Brothers Electric against M. B. Allen Construction Company resulting in a judgment for plaintiff-appellee from which defendant has appealed. Affirmed.

Appellant, a general contractor, was low bidder on a construction job for Panhandle School District. Bryant, the appellee, a subcontractor of electrical work, submitted the low bid on that portion of the job to the general contractor. The bid of appellant, the general contractor, was higher than the available funds the school had budgeted for the building construction and appellee was asked to reduce his bid by substitution of materials of a lower cost and the leaving out of certain electrical items. Appellant paid appellee on a monthly billing basis until the final bill was presented which appellant refused to pay contending that appellee had not reduced his bid in accordance with their agreement. Appellee had submitted his written subcontract to appellant for execution but appellant refused to sign the contract. Appellee filed suit for the balance claimed due and based upon the jury's answers to three special issues submitted the trial court awarded judgment for appellee in the amount of $2,067 plus stipulated attorney's fees.

The appellant contends as error the failure of the trial court to grant his motion for instructed verdict contending failure of appellee to prove an oral contract. Appellee based his cause of action on an oral contract or agreement and in reviewing the evidence, without burdening this opinion with extensive quotes, we find facts from which the jury could reasonably believe such a contract or agreement was entered into between the parties. For example, appellant admits advising appellee that it was the low bidder and was to perform the electrical subcontracted work. Also, the monthly billings over the first nine month period reflected a total subcontract price in accordance with appellee's claim or contention. Appellant further admitted that at no time during the course of the nine month period did appellant protest to appellee the subcontract total price reflected on each monthly billing.

Appellant next assails as error the action of the trial court in admitting into evidence a copy of the unexecuted written contract drawn and submitted by appellee to appellant for signing. The trial court admitted the instrument for the stated limited purpose of "showing the conversation between the parties." Appellant also complains of the admission into the evidence of monthly billings made by Bryant and submitted to Allen, some ten of them, without protest by appellant until the receipt of the final billing. Testimony was admitted without objection in reference to the matters reflected both by the unsigned written contract and the billings. There-

fore, any error there might have been in the admission of the exhibits into evidence was not material. See Burney v. Ibarra, 415 S.W.2d 517 (Tex.Civ.App.—San Antonio 1967, ref'd n. r. e.) and McCormick and Ray on Evidence, Volume 1, Section 795.

Appellant next asserts as error the submission of special issue No. 1 on grounds that the issue is global and constitutes a comment on the evidence. The issue read as follows: "Do you find from a preponderance of the evidence that plaintiff and defendant agreed on an amount to be paid by defendant, M. B. Allen, to plaintiff, Bryant Electric, for the electrical work performed by plaintiff on the Panhandle School?" A review of the record does not disclose any dispute as to the work actually performed and material furnished by the electrical subcontractor Bryant. The only dispute was the amount of money agreed upon between the parties to be paid to Bryant-appellee. We find no error in the submission of the issue.

Appellant next complains as error by the court in submitting both issues one and two on no evidence and insufficient evidence grounds. We have reviewed the evidence as we are required to do under the rules of In Re King's Estate, et al., 150 Tex. 662, 244 S.W.2d 660 (1951) and overrule both contentions.

Appellant next asserts error in the submission of Special Issue No. 3 inquiring as to the reasonable value of services and material furnished by Bryant for the reason of no evidence and insufficient evidence.

Assuming, without so holding, that there is no evidence to support the answer of the jury to the issue, the plaintiff-appellee was entitled to judgment based upon the jury's answers to the first two issues. The amount of money that was actually paid by appellant to appellee was undisputed and the difference between that amount and the amount found by the jury that was

agreed to be paid by appellant to appellee for the subcontract was $2,067. Therefore, any error there was in the submission of such issue was harmless and the point is overruled.

The judgment of the trial court is affirmed.