AMERICAN TRANSFER AND STOR-
AGE COMPANY, Appellant,

v.

**Ernie C. REICHLEY, Appellee.**

No. 8707.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 25, 1976.

Rehearing Denied Nov. 23, 1976.

Golden, Potts, Boeckman & Wilson, John-
son, Guthrie, Billings, Nash & Shanklin,
Robert Lee Guthrie, Dallas, for appellant.

· Smith & Smith, Mickey J. Blanks, Lub-
bock, for appellee.

ELLIS, Chief Justice.

American Transfer and Storage Company has appealed from an order of a district court in Lubbock County, Texas, overruling its plea of privilege to be sued in Dallas County. The principal case involves allegations of a wrongful sale of E. C. Reichley's personal property, but this appeal concerns only the correctness of the trial court's action in maintaining venue in Lubbock County.

The record developed in the trial court reveals that Reichley, the plaintiff, was employed by Guerdon Industries in 1973. In that year Reichley's employers required him to move from Lubbock, Texas. Because of circumstances at Guerdon Industries, however, he was not able to ascertain exactly where he would be relocated. Prior to making final arrangements for moving his household goods, Reichley obtained price estimates from several moving companies. Among those supplying estimates was Larry Winton, a representative of American Transfer and Storage, the defendant. Before Winton quoted a price, Reichley explained to him that he did not know where he would be moving and that his goods would need to be stored for up to one year. Reichley also explained that Guerdon Industries would pay for the move and storage charges. Reichley testified that he was told by Winton that Guerdon would be billed for both the moving charges and the storage costs after the move was completed. Sometime later, Reichley telephoned Winton and informed him that his company had been selected for the job. Winton agreed, and in September, 1973, Reichley's belongings were taken from his house and stored by the defendant in its warehouse in Lubbock, Texas.

During the months that Reichley's goods were in its warehouse, the defendant mailed him statements showing accrued storage charges. The defendant did not attempt to collect these charges from Guerdon Industries and Reichley never paid them. After four or five months, the defendant began sending Reichley letters and telephoning him to demand payment. The charges remained unpaid until April of 1974 when the defendant sold Reichley's goods to satisfy its storage charges. The goods were sold to Darrell Boepple, the defendant's manager, for $963.08, the amount of the accrued charges, plus one dollar. For that price Boepple bought "several bedrooms of furniture, contents of [a] living room, den, kitchen and other rooms."

After he learned of the sale, Reichley instituted this lawsuit against Boepple and American Transfer and Storage. His petition alleged that the defendants had breached an oral contract and committed fraud and conversion. American Transfer and Storage Company duly filed its plea of privilege to be sued in Dallas County. In his controverting affidavit, Reichley pleaded specifically that venue was proper in Lubbock County under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 23. The trial court overruled the defendant's plea of privilege and this appeal was taken from that order.

In four points of error the defendant has contended that the judgment of the trial court overruling defendant's plea of privilege cannot be sustained under the provisions of subdivisions 23, 4, 7 or 9a of article 1995. The basic contentions of both parties relate to the existence, validity and enforceability of the oral contract alleged by Reichley to exist between him and the defendant.

▮ Findings of fact and conclusions of law were neither requested nor filed. As a consequence, this court must affirm the trial court if there is evidence in the record which supports any lawful theory raised by the pleadings. *Loomis v. Sharp,* 519 S.W.2d 955 (Tex.Civ.App.—Texarkana 1975, writ dism'd). More important, we must presume that the trial court found all essential facts in favor of Reichley and consistent with its order. *Jordan v. Rule,* 520 S.W.2d 463 (Tex. Civ.App.—Houston [1st. Dist.] 1975, no writ); *Steinberg-Maas Co., Inc. v. Northcutt,* 121 S.W.2d 1021 (Tex.Civ.App.—Eastland 1938, no writ). To avoid the effect of this presumption, the defendant has the burden of demonstrating that it was entitled to be sued in Dallas County as a matter

of law. See *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ) and cases cited therein.

In attempting to meet its burden on appeal, the defendant has pointed out that Reichley relied only upon subdivision 23 of article 1995 when he filed his controverting affidavit. The pertinent portion of that subdivision provides:

> 23. Corporations and associations.— Suits against a private corporation, association, or joint stock company may be brought in . . . the county in which the cause of action or part thereof arose
>
> . . . .

The defendant has not disputed that it is a private corporation within the meaning of subdivision 23. Rather, the defendant has contended that Reichley has no "cause of action" which arose against it in Lubbock County.

For a "cause of action," Reichley has relied upon his allegations that the defendant breached an oral contract made with him. Reichley has argued that the defendant, acting through Winton, contracted to store his belongings for up to one year, move them when and where he requested, and bill the storage and moving charges to Guerdon Industries upon completion of the move. According to Reichley, the sale of his property before a year expired constituted a breach of that oral contract.

■ The existence *vel non* of an oral contract is a question of fact. *Maddox Motor Co. v. Ford Motor Co.*, 23 S.W.2d 333 (Tex.Com.App.1930, holding approved); *Allen v. Bryant*, 470 S.W.2d 913 (Tex.Civ.App. —Amarillo 1971, writ ref'd n. r. e.). An examination of the record discloses that evidence was presented and admitted from which the trial court could have concluded that an oral contract such as Reichley alleged did in fact exist. We must presume that such a finding was made and we cannot overturn it because it is supported in the evidence. *Jordan v. Rule, supra.*

■ The defendant, however, has argued strenuously that a document in evidence denominated "Combined Uniform House-hold Goods Bill of Lading and Freight Bill" represented the only contract between the parties. Reichley, however, neither signed the document nor received a copy of it. Apparently, Reichley never saw the document until this lawsuit was commenced. Conflicting with this evidence, however, is Reichley's testimony bearing on the existence and terms of the oral contract. Winton's testimony is consistent with that of Reichley. There is ample evidence to support the trial court's implied finding that an oral contract existed between the parties.

As an alternative to its "no oral contract" argument, the defendant has argued that Winton was not acting as the defendant's agent when the oral contract was made. The defendant has pointed out that Interstate Commerce Commission rules prohibit the defendant from shipping interstate. Because of these rules, the defendant has arranged for another corporation—Aero Mayflower—to handle its interstate shipments. When a customer requests an interstate shipment, the defendant's agents double as Aero Mayflower agents and arrange for Aero Mayflower to make the shipment. The defendant has argued that because Winton and Reichley settled upon Little Rock, Arkansas as the probable destination of Reichley's goods, Winton was acting as Aero Mayflower's agent—not the defendant's.

■ The question of agency is one of fact. *Foundation Reserve Ins. Co. Inc. v. Wesson*, 447 S.W.2d 436 (Tex.Civ.App.— Dallas 1969, writ ref'd). There is evidence in the record which would have supported a finding that Winton was the agent of Aero Mayflower, the defendant, or both companies when the oral contract was made. The trial court impliedly found that he acted as the defendant's agent and we will defer to that finding.

■ Apart from the agency issue, the defendant has attacked the trial court's judgment on yet another ground. Section 7.206 of the Texas Business and Commerce Code authorizes a warehouse to sell stored goods if "no period [of storage] is fixed." According to the defendant, the oral con-

tract did not fix a period of storage and therefore the sale was not wrongful. Reichley, however, testified that Winton agreed to store the goods for a period up to one year. The trial court impliedly found this to be true and therefore a period of storage was fixed. Accordingly, Section 7.206 gave the defendant no right to sell Reichley's goods until one year had expired.

■ Finally, the defendant has argued that Reichley is barred from recovery for breach of the oral contract under the statute of frauds. The argument is that the contract required Guerdon Industries to answer for Reichley's debt and such contracts are not enforceable if not written. We note, however, that the defendant did not plead the statute of frauds as an affirmative defense prior to the hearing on the plea of privilege. Moreover, it has been held that "The Statute of Frauds is an affirmative defense not available on a plea of privilege hearing." *Lebow v. Weiner*, 420 S.W.2d 755 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). Under the circumstances of this case the defendant is not entitled to raise the statute of frauds as an affirmative defense in this appeal of the venue order. See Tex.R.Civ.P. 94; *Christian v. First Nat'l Bank*, 531 S.W.2d 832 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *Van Huss v. Buchanan*, 508 S.W.2d 412 (Tex.Civ.App.—Fort Worth 1974, writ dism'd); *Lebow v. Weiner, supra.*

For the reasons above stated, it is our opinion that venue in this cause is sustainable in Lubbock County under subdivision 23. Accordingly, we overruled appellant's first point of error. This holding is dispositive of this appeal and precludes our reaching the remaining points raised by the appellant.

The judgment of the trial court is affirmed.