John Ben WILLIAMSON, Appellant,

v.

Ed ASKEW, Appellee.

No. 16065.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1959.

Rehearing Denied Nov. 13, 1959.

Smith, Simonton & Griffin, and William F. Griffin, Conroe, for appellant.

Wm. J. Benardino, Conroe, for appellee.

MASSEY, Chief Justice.

Appellee Ed Askew filed suit against appellant John Ben Williamson for conversion in that the latter was alleged to have wilfully appropriated the former's household furniture and effects and clothing.

Trial was to a jury, and upon a verdict returned (though it does not appear in the record) judgment was entered in the sum of $880.84 as actual damages, plus $600 exemplary damages.

Williamson appealed and as appellant herein presents two points of error, essentially contending that no prima facie case of conversion had been established, and that no basis for the values placed on the items alleged to have been converted, and totaling $880.84, had been shown.

The nature and elements of appellee's case for conversion were properly based upon the alleged act of dominion on the part of appellant wrongfully exerted over his goods and chattels in denial of or inconsistent with appellee's rights therein. 42 Tex.Jur., p. 511, "Trover and Conversion," sec. 4, "Nature and Elements of Conversion—In General.

The evidence clearly made out an issue supporting inquiry to the jury as to whether the appellant wrongfully exerted authority over appellee's property directly and intentionally inconsistent with the latter's rights. The property was in a house on appellant's property and up to the time of the acts complained of had been supplied to appellee and his family as part of the total consideration agreed upon in exchange for his engaging in appellant's hire. The relationship was ended by agreement and appellee was in the process of moving his family and belongings to another part of the state. He had moved his wife and child and a few clothes. The acts complained of occurred upon the occasion of his return to secure the remainder of his belongings. Said acts were motivated by reasons wholly unrelated to appellee's employment, and are of no moment on appeal.

On said occasion, and shortly following appellee's entry on the premises, appellant came to the house where appellee's property was and, according to specific testimony from the appellee himself, "told me to get off the place and, if I come back on it, I would be sorry. He told me I couldn't have nothing out of the house. I asked him if I could get some clothes and he said I couldn't have nothing, no clothes or anything * * *."

■ True it is that some doubt was cast upon the testimony of the appellee by that of other witnesses who testified, but in our view there is no question but what appellee's prima facie case was established, and the weight to be given his evidence was for the jury which chose to believe him.

■ On the matter of the basis for the values placed on the appellee's property, alleged to have a value in the sum of $880.-84 and found by the jury in said amount, we believe that appellant's contentions thereon must be overruled also. In his proof, appellee and his wife both testified to the value of the converted property "to them," as articles specially adapted to their family use. Under the rule announced in the case of International & G. N. R. Co. v. Nicholson, 1884, 61 Tex. 550, reiterated and reaffirmed in Missouri Pac. Ry. Co. v. Colquitt, Tex.1888, 9 S.W. 603, 604 (not in State Reports), and still in effect as applied to cases where a plaintiff's used secondhand clothing, books, furniture, etc., are involved in a suit for damages because of their loss or destruction, the value of such to their owner is the basis upon which his recovery should be allowed, and he should not be limited to the market value. The rule is further clarified in Alamo Auction Co. v. Lawson, Tex.Civ.App. San Antonio, 1928, 10 S.W.2d 600; 13 Tex.Jur., p. 168, "Damages," sec. 72, "Used or 'Secondhand' Articles."

■■ Under the averments of the plaintiff's petition to the effect that the chattels converted were of a certain value, certainly the intrinsic special value to appellee of said property at time of the conversion would be proper and establish a proper basis for which he might be allowed to recover. And it would of course have been proper for either party to adduce any evi-

dence tending to show the value of appellee's property at the time and place of conversion, or when put to any of the uses for which it was valued, or its cost, or the market value of new articles of like character, etc., as matter proper to be taken into consideration by the jury in arriving at an amount in damages to be awarded in just compensation for the damages sustained. 42 Tex.Jur., p. 558, "Trover and Conversion," sec. 45, "Evidence Authorized by Petition"; 13 Tex.Jur., pp. 519, 520, 521, "Damages," sec. 314, "Reasonable or Intrinsic Value," and sec. 315, "Value to Owner." The question, however, is whether the evidence upon value lawfully supplied a basis upon which the issue was raised and the jury entitled to find a figure in actual damages which appellee was entitled to recover.

Judgment is affirmed.