**AMERICAN TRANSFER AND STOR-AGE COMPANY, Appellant,**

v.

**Ernie C. REICHLEY, Appellee.**

**No. 8782.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 19, 1977.

Rehearing Denied Jan. 16, 1978.

Golden, Potts, Boeckman & Wilson, Duncan E. Boeckman, Dallas, Johnson, Guthrie, Nash & Shanklin, Robert Lee Guthrie, Dallas, for appellant.

Smith & Smith, Mickey J. Blanks, Lubbock, for appellee.

ROBINSON, Chief Justice.

Plaintiff Ernie C. Reichley sued defendant American Transfer & Storage Co. alleging an oral contract whereby American Transfer & Storage agreed to store his household effects. Plaintiff alleged that the defendant company wrongfully sold all of the property that he had stored with it to its branch manager. The trial court rendered judgment on a jury verdict for plaintiff in the amount of $64,000. Defendant appeals. Affirmed.

At the trial, the jury found as follows:

(1) On September 18, 1973, plaintiff and defendant, acting through its agent Larry Winton, orally agreed that defendant would pack, transport and warehouse plaintiff's household goods in its Lubbock warehouse, to be shipped to a destination at or near Little Rock, Arkansas, within a year from September 18, 1973;

(2) Plaintiff and defendant agreed that the storage charges would accrue until shipment and be paid together with the transportation charges;

(3) Plaintiff and defendant agreed that defendant would look solely to Guerdon Industries to pay for the accrued storage, moving and warehouse charges;

(4) Plaintiff and defendant agreed that plaintiff would cause the accrued storage and moving charges to be paid to defendant by Guerdon Industries upon invoice and shipment of the goods.

(5) The fair and reasonable value of plaintiff's household goods which were not returned to him was $64,000.

It is undisputed that defendant, after storing the goods for 6 months, sold them to its branch manager Darrell C. Beopple, for $1.00 more than the accrued storage charges. After the sale the defendant company and Beopple returned some clothing and other smaller items to plaintiff.

We overrule defendant's contention that it was entitled to an instructed verdict merely because it complied with the provisions of Section 7.210 Tex.Bus. & Comm.

Code Ann. (Tex.UCC 1965) which govern the procedure for enforcement of a warehouseman's lien, in selling plaintiff's goods. The initial question is whether defendant had the right to unilaterally terminate the storage. Defendant contends that it had a right to do so by virtue of Section 7.206 since there was no document fixing the period of storage. It also contends that the oral agreement did not fix a period of storage.

§ 7.206. Termination of Storage at Warehouseman's Option

(a) A warehouseman may on notifying the person on whose account the goods are held and any other person known to claim an interest in the goods require payment of any charges and removal of the goods from the warehouse at the termination of the period of storage fixed by the document, or, if no period is fixed, within a stated period not less than thirty days after the notification. If the goods are not removed before the date specified in the notification, the warehouseman may sell them in accordance with the provisions of the section on enforcement of a warehouseman's lien (Section 7.210).

This court held in the appeal of the trial court's judgment in a plea of privilege hearing in this same case that the oral agreement, whereby defendant agreed to store the goods for up to a year until shipment, fixed a period of storage. *American Transfer & Storage Company v. Reichley,* 543 S.W.2d 162 (Tex.Civ.App.-Amarillo 1976, no writ).

■ We do not construe Section 7.206 to mean that the warehouseman can terminate the storage at his option, regardless of the agreement of the parties, if there is no document setting out the period of storage. The language of Section 7.206 assumes that a document has been executed. It does not address the situation in which the agreement is entirely oral.

The rule for construing agreements is set out in Tex.Bus. & Comm.Code Ann. § 1.102 (Tex.UCC 1965), as follows:

(c) The effect of provisions of this title may be varied by agreement, except as otherwise provided in this title and except that the obligations of good faith, diligence, reasonableness and care prescribed by this title may not be disclaimed by agreement but the parties may be agreement determine the standards by which the performance of such obligations is to be measured if such standards are not manifestly unreasonable.

■ We conclude that, under the facts found by the jury, the defendant did not have the option to terminate storage and sell plaintiff's goods.

■ Defendant next complains of the failure of the trial court to submit requested issues affirmatively submitting his theory of the conversation between Reichley and defendant's agent Winton. Defendant did not plead an affirmative defense. We find that the trial court fairly submitted the controlling issues raised by the pleadings and the evidence. The case will not be reversed because of a failure to submit other and various phases or different shades of the same issue. *Prudential Insurance Company of America v. Tate,* 162 Tex. 369, 347 S.W.2d 556 (1961); *City of Amarillo v. Reid,* 510 S.W.2d 624 (Tex.Civ.App.-Amarillo 1974, writ ref'd n. r. e.).

We next consider defendant's points of error contending that the trial court applied the wrong measure of damages in (1) admitting testimony concerning the value of plaintiff's goods and (2) submitting the damage issue.

■ Used household goods and personal effects are a unique type of personalty. A special measure of damages is applied to them. It is not necessary to prove an absence of market value as a condition precedent to showing their value to the owner at the time of the loss. *International & G. N. Ry. Co. v. Nicholson,* 61 Tex. 550 (1884); *Ricks v. Smith,* 204 S.W.2d 12 (Tex.Civ. App.-Austin 1947, writ ref'd n. r. e.).

In *Crisp v. National Ins. Co.,* 369 S.W.2d 326, 328 (Tex.1963), the Supreme Court held:

It is a matter of common knowledge and of usual acceptation by the courts that used household goods, clothing and personal effects have no market value in the ordinary meaning of that term. They may be sold but only at considerable sacrifice which by no means represents the value of the articles to the owner. We find no recognized authority which would hold the insured to a recovery based solely on the proceeds obtainable on a second-hand market. Likewise, replacement costs do not afford a fair test. In some instances on account of obsolescence, change in style and fashion, this measure might represent an economic gain to the insured quite aside from the difficulty of application and proof. *The measure of damage that should be applied in case of destruction of this kind of property is the actual worth or value of the articles to the owner for use in the condition in which they were at the time of the fire excluding any fanciful or sentimental considerations.* (Emphasis supplied)

In attempting to arrive at a standard to be used in determining this "value to the owner" measure of damages the Court said that:

The courts have not abandoned the consideration of either market or reproduction or replacement values in arriving at actual value to the insured, but evidence of those values may be used as a guide in making that determination rather than a shackle which compels strict adherence thereto. The trier of facts may consider original cost and cost of replacement, the opinions upon value given by qualified witnesses the gainful uses to which the property has been put as well as any other facts reasonably tending to shed light upon the subject.

Id. at 329.

In *International & G. N. Ry. Co. v. Nicholson,* 61 Tex. 550 (1884) the Supreme Court ruled on a contention that the value of lost household goods should be determined by value at the place of delivery. The Court stated:

In the present case the value of the goods was proved, but it did not appear from the evidence that there was any difference between their value at the point of their shipment and at the place of their delivery. In fact the lost articles seemed to be of such a character, viz., second-hand clothing, books and table furniture which had been used by the plaintiff, that they could not be said to have to him a value at one place different from what they possessed at another. He could hardly have supplied himself in the market with goods in the same condition and so exactly suited to his purposes as were those of which he had been deprived. As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family.

█ It is proper for the owner of the lost or damaged household or personal items to testify as to their worth to him individually. *Williamson v. Askew,* 328 S.W.2d 473 (Tex. Civ.App.-Fort Worth 1959, no writ); *Tubbs v. American Transfer & Storage Co.,* 297 S.W. 670 (Tex.Civ.App.-Dallas 1927, writ ref'd).

█ We conclude that the trial court did not err in admitting plaintiff's testimony concerning the value of his household goods. That evidence was legally sufficient to support the submission of the damage issue. Defendant's point of error concerning the measure of damage submitted is not properly before us because defendant did not object to the court's charge on that ground. Unless a party objects to the charge on the ground that it submits an improper measure of damages, he waives the objection and cannot complain on appeal that the charge permitted the jury to

find damages based on the wrong measure. Rule 274, Texas Rules of Civil Procedure; *Lanphier Construction Co. v. Fowco Construction Co.,* 523 S.W.2d 29 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n. r. e.); *City of Amarillo v. Betts,* 429 S.W.2d 685 (Tex. Civ.App.-Tyler 1968, no writ).

■ In the alternative, defendant contends that the measure of damages for the conversion of plaintiff's household goods should be limited by Interstate Commerce Commission regulations limiting a shipper's liability for lost or damaged goods. Defendant cites no authority supporting this contention and we find none. The point of error is overruled.

■ We do not find that under all the circumstances the trial court abused its discretion in permitting plaintiff to read from a lengthy list of his lost goods which he had prepared and which the court permitted him to use to refresh his memory. See *Paul v. Johnson,* 314 S.W.2d 338 (Tex. Civ.App.-Houston 1958 writ dism'd). In any event, we do not find that any error in so doing was calculated to or probably did cause the rendition of an improper verdict so as to require reversal under Rule 434, T.R.C.P.

We overrule each of appellant-defendant's points of error.

The judgment of the trial court is accordingly affirmed.

DODSON, J., not participating.