Julius L. **BELL** et al., Appellants,

v.

J. R. **STROOPE,** Appellee.

No. 1143.

Court of Civil Appeals of Texas, Tyler.

June 22, 1978.

Clyde Elliott, Jr., Elliott & Bass, Canton, for appellants.

Ian Alexander, Jr., Emory, Harold F. Curtis, Jr., Greenville, for appellee.

DUNAGAN, Chief Justice.

This suit was commenced in February 1972 by appellee, J. R. Stroope, against Ross Dean Childers, to determine whether a roadway between land owned by Stroope and Childers was a public roadway. In 1974 Childers sold a portion of the land in question to appellants, Julius L. Bell and wife, Joyce Bell, and Esther Pearl Bell. Prior to the sale by Childers to Bell the trial court had issued a temporary injunction against Childers restraining him from locking gates or otherwise interfering with Stroope's use of the roadway until a final hearing could be had upon the merits. After Childers sold a portion of the property to Bell, Stroope, plaintiff below, substituted parties by dismissing Childers out of the lawsuit and substituting Bell in his place.

The appellants' first four points of error all deal with the complaint that there was no evidence or insufficient evidence to show an implied dedication of the roadway.

The appellants' fifth point of error states that the trial court erred in admitting into evidence the temporary injunction previously entered by the trial court because such order was prejudicial, invaded the province of the jury and was a comment upon the weight of the evidence. The appellants contend that this was error because such court order contained findings of fact that the roadway was in fact a public roadway. The appellants also contend that this prejudices the jury, invaded its province and amounted to a comment upon the weight of the evidence. The appellee responds that the court order was offered in response to testimony by the appellants showing the conditions that existed at the time the appellants bought the land in question from Childers. This testimony by the appellants showed that there was a lock on the gate, thereby preventing anybody from traveling over the road. The appellee states that the order of the court was introduced for the limited purpose of rebutting the testimony by the appellants showing what the conditions surrounding the locking of the gate were at that particular time. The appellee contends that the appellants' testimony concerning the locked gate at the time he purchased the land invited the introduction by the appellee of the temporary injunction order of the trial court prohibiting such action.

Appellee offered into evidence the temporary injunction order "for the limited purpose of establishing the records in Rains County, Texas, as existed on April 24, 1972 . . . ." The trial court's findings, in question, contained in the temporary injunction order, being a part of the order, were therefore not excluded. The entire order was admitted into evidence over appellants' objection that said findings in the temporary injunction order was the very issue to be decided by the jury in the matter then being heard; therefore it was prejudicial, amounted to a comment upon the weight of the evidence and invades the province of the jury.

■ The appellants complain of the admission into evidence of the temporary injunction order which contained a finding of fact by the trial court that the roadway in question was in fact a public roadway. It is the law of this State that the fact of the rendition of a judgment in a cause is admissible but the facts upon which the judgment was based cannot be properly admitted. *Davis v. Zapata Petroleum Corporation*, 351 S.W.2d 916, 922 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). Appellants-defendants timely objected to the admission of the previous order of April 21, 1972, granting a temporary injunction containing the trial court's finding that the public road, here in question, was "duly dedicated for the use and benefit of the public . . ." and properly preserved the point on appeal.

■ We think that part of the temporary injunction restraining Royce Dean Childers, immediate predecessor in title to appellants, "from obstructing or blocking

roadway during pendency of this" suit, was admissible to show its existence and legal consequences. We do not think the findings of fact by the trial court, included within the temporary injunction order, here complain of, that the roadway in question "is a public road duly dedicated for the use and benefit of the public . . . ." was admissible. We think it was error to admit this temporary injunction order containing the finding of fact that the roadway was a public roadway. The admission of this judgment was improperly prejudicial and invaded the province of the jury. *Davis v. Zapata Petroleum Corporation,* supra; *Allen v. Great Liberty Life Insurance Co.,* 522 S.W.2d 247, 250–251 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.); *Adams v. State Board of Insurance,* 319 S.W.2d 750, 754 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).

The appellants also complain of the admission into evidence of a letter from the appellee's attorney to the appellants stating the fact findings that the trial court made in the temporary injunction order. The basis of this point of error is the same as the point about the admission into evidence of the temporary injunction order.

■■■ A letter from the appellee's attorney to the appellants was also admitted into evidence. This letter contained statements by the appellee's attorney that the trial court had entered a temporary injunction ordering that the locks be removed from the gates and that the court had found as a matter of fact that the roadway in question was a public roadway. Appellants permitted the letter to be offered and admitted into evidence without objection. Appellee's attorney immediately began reading the letter to the jury, at which time the appellants made in substance the same objection they previously made to the offer of the temporary injunction order. The objection was overruled. Appellee contends that appellants, by permitting the letter to be admitted without objection, had waived any objection they might have to the admission of the letter exhibit. It is apparent that the judgment discussed above and the letter from the appellee's attorney contained somewhat similar information. However, in our opinion the letter in question does not constitute evidence of the same weight as the facts found by the trial court in the temporary injunction previously mentioned. The letter itself contains hearsay statements by the appellee's attorney and these hearsay statements are not nearly so credible and believable when presented to a jury as the findings of fact by the trial court contained in the temporary injunction order itself. Therefore, the appellants' failure to properly preserve error regarding the admission of this letter does not render his preservation of error regarding the admission of the temporary injunction a nullity. A statement otherwise objectionable as hearsay does not become competent because it has been reduced to writing or in form of a letter. *Allen v. Riedel,* 425 S.W.2d 665, 667 (Tex.Civ.App.—Eastland 1968, n. w. h.); *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824, 831 (1960); *Maryland Casualty Company v. Davis,* 181 S.W.2d 107, 109 (Tex.Civ.App.—Galveston 1944, n. w. h.); 24 Tex.Jur.2d Evidence, sec. 562. Such incompetent hearsay evidence cannot form basis of a finding of fact or of judgment of a court, even if admitted without objection. *Robinson v. Risinger,* 548 S.W.2d 762, 767 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *M.L.C. Loan Corporation v. P.K. Foods, Inc.,* 541 S.W.2d 902 (Tex.Civ.App.—Beaumont 1976, n. w. h.); *Olivier v. Life & Casualty Insurance Company of Tennessee,* 440 S.W.2d 398, 400 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.); *State of Texas v. Wilson,* 439 S.W.2d 134, 139 (Tex.Civ.App.—Tyler 1969, n. w. h.); *Covault v. Texas Instruments, Inc.,* 531 S.W.2d 441, 444 (Tex.Civ.App.—Tyler 1975, n. w. h.); *Gulf State Pipe Line Company, Inc. v. Orange County Water Control & Improvement District No. 1,* 526 S.W.2d 724, 727 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Landry v. State of Texas,* 504 S.W.2d 580, 586 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.); *Strickland Transportation Company, Inc. v. Navajo Freight Lines, Inc.,* 387 S.W.2d 720, 729–30 (Tex.Civ.App.—Dallas 1964, n. w. h.); *Texas Co.*

*v. Lee*, 138 Tex. 167, 157 S.W.2d 628, 631 (1941); *Henry v. Phillips*, 105 Tex. 459, 151 S.W. 533, 537–38 (1912). We feel that the admission of that portion of the temporary injunction order containing a finding of fact that the roadway was a public road was calculated to influence the jury in rendering a verdict favorable to appellee and this error has not been made harmless by the admission into evidence of a letter from the appellee's attorney. *Floyd v. Fidelity Union Casualty*, 39 S.W.2d 1091 (Tex. Comm.App.1931); *Bain Peanut Company of Texas v. Pinson*, 294 S.W. 536 (Tex.Comm. App.1927).

The view hereinbefore expressed renders unnecessary a discussion of the other points presented.

Judgment is reversed and cause remanded to the trial court for further proceedings.