Bill KING, et ux., Appellants,

v.

Max L. LADD, et ux., Appellees.

No. 6993.

Court of Civil Appeals of Texas,
El Paso.

April 22, 1981.

J. Roderick Price, Odessa, for appellants.

McMahon, Cox, Tidwell, Locke & Bangert, P. C., John Blake Hansen, Jack Q. Tidwell, Odessa, for appellees.

## OPINION.

PRESLAR, Chief Justice.

This is a deceptive trade practice case which presents first, the question of whether there was a waiver of the completion date in the parties' contract and secondly, whether written notice was given of the consumers' complaint before suit was filed as provided in Section 17.50(a) of the Business and Commerce Code as it existed in 1978. The trial Court rendered judgment for treble damages and attorney's fees. We reverse the award of treble damages and attorney's fees, and render judgment for actual damages.

Appellees purchased a house and lot from Appellants, and, at the time of purchase, there was an unfinished swimming pool on the property. The purchase-sale contract provided that the "[s]eller agrees to finish [the] swimming pool" and that the "[s]eller has till Jan 1, 1978 to finish [the] pool." The pool was not completed on January 1, 1978, and on June 26, 1978, Appel-

lees filed this suit, alleging that they had to complete the pool at an expense of $8,500.00. Referring to the parties as they appeared in the trial Court, Plaintiffs alleged that theirs was a statutory action for damages resulting from breaches of warranty, the commission of such an unconscionable action or course of action being in violation of Section 17.46 of the Deceptive Trade Practices Consumer Protection Act, Tex.Bus. & Com. Code Ann. ch. 17 (Supp. 1977–78). Three thousand dollars of the purchase price had been placed in escrow with one Eben Warner to cover the cost of completing the swimming pool, and Plaintiffs sued Warner for that escrow fund. The Defendants specifically pled as an affirmative defense waiver of the contractual deadline, and that the Plaintiffs had acquiesced in the delay of performance from January 1, 1978, until the time of suit in June of 1978. They also pled as an affirmative defense that they had no written notice of the Plaintiffs' complaints prior to the filing of suit. Warner paid the unused portion of the escrow fund—$1,915.00—into the registry of the Court, and he was dismissed in the Court's judgment. Following a trial by the Court sitting without a jury, damages of $8,150.00 were found, and this amount was trebled to give an award of $24,450.00, plus attorney's fees of $8,150.00 and the $1,915.02 escrow money. There are no findings of fact and conclusions of law except as appear in the Court's judgment. We are of the opinion that the judgment for treble damages and attorney's fees cannot stand because of the failure of the Plaintiffs to give written notice of their complaints prior to suit, and therefore Section 17.50(a)(2), as that Section existed at the time of this cause of action, is applicable.

The hole for the swimming pool had been dug prior to the contract of sale, and the evidence is that the Defendants undertook to complete the pool themselves. No work was done on the pool prior to January 1. In April, the Defendants ordered and caused to be delivered the steel rebar for the pool. In May, they ordered other items—plumbing, filter, skimmer, light and light niche—

all of which were stored at the site. Thereafter, the Defendants installed the steel rebar, the plumbing, and the light niche in the pool site. In June, Plaintiffs filed this suit, and the pool was completed by a contractor. Defendants contend their waiver defense was established by the fact that no demand was ever made of them to finish the pool by January 1; no demand was made of them afterwards to finish the pool by any certain date; and that Plaintiffs stood by and saw the material delivered and the work done and did not object to such being done. Also, they point to Plaintiffs' pleading as showing waiver:

> [T]he swimming pool was not completed by the Defendants, Kings, on or before January 1, 1978. In fact, very little, if any, actual labor was performed on the swimming pool by the Defendants, Kings, even though the Plaintiffs allowed the Defendants, Kings, several additional months to complete the pool.

In the case of *Stowers v. Harper*, 376 S.W.2d 34 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.), the Court said:

> Intention is a prime factor in determining the question of waiver. The acts, words or conduct relied upon to establish intention must be such as to manifest an unequivocal intention to no longer assert the right. Waiver by implication will be applied only to prevent fraud or inequitable consequences. *Tony v. McClelland*, Tex.Civ.App., 283 S.W. 679, 681; *Jordan Drilling Company v. Starr*, Tex.Civ.App., 232 S.W.2d 149, 159.

There is evidence in this case both pro and con on the issue of waiver and on the elements as set out in the quote above. In the absence of findings of fact and conclusions of law, we presume the trial Court found the facts necessary to support its judgment reflecting on the intention of the Plaintiffs, and on the acts and inaction of standing by while some materials were ordered and some work was done on the pool after the January 1 deadline. On the other hand, Defendant King was asked if he had received any information that the Ladds were unhappy because the swimming pool had

not been completed about the first of May, 1978. He replied that he had received several phone calls from Mrs. Ladd, plus she had called the realtor and he, King, had discussed it with the realtor who in turn contacted Mrs. Ladd. Additionally, about the first or second of May, Plaintiffs employed counsel. There was, then, evidence to support the trial Court's presumed finding against Defendants' affirmative defense of waiver. There was no reason to apply waiver by implication to prevent fraud or inequitable consequences in this case.

■ This action arose and the suit was filed at a time when it was controlled by the provisions of Section 17.50(a), Tex.Bus. & Com. Code, as it existed after the 1977 amendment and prior to the 1979 amendment. It provided in pertinent part as follows:

In an action brought under Section 17.-50 of this subchapter, actual damages only and attorneys' fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

. . . .

(2) proves that he had no written notice of the consumer's complaint before suit was filed, . . . .

Defendants pled no written notice under that Section and we are of the opinion that such fact is established by the evidence.

All parties testified that the Plaintiffs did not make a demand after January 1, 1978, on the Defendants to have the pool finished by a certain date. This evidence was repeated to the extent that the Court remarked at one point that it was "absolutely established." This is not notice of the "consumers' complaint," but it covers it in the broad context that there was no correspondence between the parties. Without such correspondence, there could have been no notice of the consumers' complaint. Specifically on the question of notice of the Plaintiffs' complaint, Defendant King testified that the only notice he received was when he was served with papers on the suit. Two letters from Plaintiffs' law firm to Eben Warner, who held the $3,000.00 escrow fund for completion of the pool, were placed in evidence. The first of these letters dated May 2, 1978, does not show a copy to Defendants at any particular address, but it recites in the body of the letter that a copy is being sent to the Defendants. The second letter dated June 6, 1978, also addressed to Eben Warner, was sent to him by certified mail. It also recites a copy to the Defendants and shows that such copy was addressed to them at "3007 N. Century, Odessa, Texas." There is an exhibit showing this copy was sent by certified mail but there is no receipt. Defendant King said he had no memory of having received it, and Mrs. King testified that they did not receive any communications from Plaintiffs' lawyers. The $3,000.00 placed in escrow with Eben Warner was an oral arrangement and not a part of the contract relied on. There is no evidence as to this oral arrangement except that it was to be used to pay for material for the swimming pool and some of it was so used. Plaintiffs seek to invoke a rule that the escrow agent is the agent of all parties and that notice to him of their complaints is notice to the Defendants. The rule does not come into play because Warner is not shown to be an agent of the Defendants. To the contrary, Plaintiffs pled the cause of action based on the written contract and they introduced that contract in evidence. The escrow agent in that contract is the realtor. It shows on its face that Eben Warner was Plaintiffs' attorney in the sales transaction. Paragraph 22 of the contract has a space for listing the sellers' attorney and the buyers' attorney, and Eben Warner is there listed as the buyers' attorney. Proof of notice to him serves no purpose.

■ There is no evidence or testimony by anyone as to the mailing of the copies of the letters nor as to their being properly stamped, directed to the addressees' post office address, or deposited in a regular receptacle for mail. Proof of those matters is thus placed on the recitals within the letters themselves. Such recitals in the letter to a third party is hearsay as to these

Defendants. Incompetent hearsay evidence cannot form the basis of a finding of fact or a judgment of a court even if admitted without objection. *Bell v. Stroope*, 568 S.W.2d 703 (Tex.Civ.App.—Tyler 1978, no writ); *Texas Company v. Lee*, 138 Tex. 167, 157 S.W.2d 628 (1941). At trial, the Defendants testified that their address was 708 Yukon Road, Odessa, Texas. There is no evidence that they lived at this address or any other evidence as to their residence at the time the letter copy was addressed to them at 3007 North Century, Odessa, Texas. This is another missing element of those necessary to raise a presumption of receipt of a letter. It being established that the Defendants had no notice, Plaintiffs are entitled only to their actual damages under the provisions of 17.50(a).

The trial Court found that the Plaintiffs' actual damages are $8,150.00, which were trebled to be $24,450.00. The trial Court allowed attorney's fees of $8,150.00. In this, we think the Court erred, based on the record presented. Section 17.50(a) says "attorney's fees reasonable in relation to the amount of work expended." The evidence as to attorney's fees is that the Plaintiffs agreed to pay their attorneys one-third of any judgment which might be entered in their behalf; that, they testified, they chose to do rather than to pay by the hour. The attorney for the Defendants was then called to the stand over his objection and was asked that having heard the testimony that the Plaintiffs had agreed to pay one-third of any judgment entered as attorney's fees, did he have an opinion as to whether a contingent fee is a reasonable attorney's fee, to which he responded that he thought it was a customary fee across the State of Texas and he would have to say that it is reasonable. This is all the evidence offered on attorney fees. This does not meet the requirement of "attorney's fees reasonable in relation to amount of work expended." An allowance of attorney's fees in the amount of $8,150.00 is not sustained by such evidence.

That part of the judgment allowing treble damages and attorney's fees is reversed.

The award of $1,950.02 being held by the District Clerk of Ector County to Plaintiffs is sustained. Judgment is here rendered that Plaintiffs recover from Defendants the sum of $8,150.00 as their actual damages. Costs in the Court below are taxed against Defendants, and costs on appeal are taxed against the Plaintiffs/Appellees.