Louis JACOBINI, Appellant,

v.

Dora Leslie HALL, Appellee.

No. 2–85–257–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 22, 1986.

W.T. Catterton, Fort Worth, for appellant.

Wells, Williford & Felber, and Mike Felber, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

W.A. HUGHES, Senior Justice (Retired).

Louis Jacobini has appealed the judgment rendered against him in favor of appellee, Dora Leslie Hall, for damages in the sum of $920,000.00. She had sued Jacobini for damages arising from the death of her husband in a traffic accident.

We affirm.

Dora Hall's husband, Gene Hall, was driving his vehicle in the early morning hours of February 5, 1983 when the vehicle driven by Joel Marlin Bell collided with it. Bell is a plumber who sometimes worked for a construction company run by Jacobini. At the time of the accident title to the vehicle Bell was driving was in Jacobini.

An intoxilyzer test on Bell taken after the accident indicated that Bell had a .23% blood alcohol content. Bell was carrying a Florida driver's license. He entered a plea of guilty to involuntary manslaughter and was sentenced to two years in the Texas Department of Corrections. Before this accident Bell had been convicted of the offense of driving while intoxicated on two other occasions.

Bell was a party defendant along with Jacobini in this case. Jacobini was alleged to be negligent in entrusting his truck to be driven by Bell. Jacobini's principal defense to such allegation was that he did not own the vehicle.

Jacobini claimed he entered into an oral contract to sell the vehicle to Bell in the late summer of 1982. At trial, Bell testified he gave Jacobini $400.00 as a lump sum payment on the truck sometime in 1982. In his deposition Bell stated that he never paid any money down; he just started letting Jacobini take $100.00 a week out of his paycheck. Testimony of Jacobini's secretary indicated that Jacobini instructed her to collect some cash from Bell and Bell gave her $500.00 in cash in November,

1982. She also indicated that "a hundred a month or a hundred a week" was to be taken out of his paycheck for the vehicle. The secretary further testified that the first $100.00 deducted was some 20 days after the accident.

The case was tried to a jury which answered twelve special issues finding: Bell guilty of causal negligence; Jacobini was the owner of the truck being driven by Bell; Bell was driving the vehicle with Jacobini's permission; Jacobini by ordinary care would have known that Bell had no valid Texas driver's license; Bell was a reckless and incompetent driver; and Jacobini knew Bell was a reckless and incompetent driver.

Thereafter, Jacobini moved for judgment non obstante veredicto asserting that the evidence proved conclusively that before the accident an oral agreement had been entered into transferring custody and control of the vehicle in question from Jacobini to Bell. Accordingly, Jacobini asserted that the doctrine of negligent entrustment was not applicable to him inasmuch as Bell acquired the right to possess and control the vehicle and needed no authority or permission from appellant to drive same. The trial court denied Jacobini's motion for judgment non obstante veredicto and rendered judgment on the verdict, whereupon a motion for new trial was filed and denied. This appeal was then perfected.

In point of error one Jacobini asserts that the trial court should have granted him a summary judgment, a directed verdict, and a judgment non obstante veredicto. We note initially that an order overruling or denying a motion for summary judgment is not a proper subject for appeal. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). Further, the law is well settled that a defendant, by electing not to stand on his motion for directed verdict made after the plaintiff has introduced its evidence and rested its case, and by proceeding with the introduction of his own evidence, waives his motion for directed verdict unless the motion is reurged at the close of his case. *See Wenk v. City Na-*

*tional Bank*, 613 S.W.2d 345, 348 (Tex.Civ. App.—Tyler 1981, no writ); *Texas Steel Co. v. Douglas*, 533 S.W.2d 111, 113–14 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). Therefore, appellant may not now complain of the denial of either his motion for summary judgment or his motion for directed verdict. Lastly, a point of error contending that the trial court erred in failing to grant a judgment n.o.v. is a "no evidence" point. *Southwestern Bell Tel. Co. v. Sims*, 615 S.W.2d 858, 861 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ); *see also Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276, 277 (Tex.1970) (per curiam). Accordingly, appellant's first point of error is in fact a challenge to the legal sufficiency of the evidence and we will address it in conjunction with point of error four.

In his fourth point of error, Jacobini claims there was no evidence or alternately insufficient evidence to support jury findings concerning: Jacobini's ownership of the vehicle; whether he permitted Bell to drive his truck; and by so permitting was negligent. Jacobini urges that the evidence was uncontroverted that he had sold Bell the vehicle before the collision, hence no entrustment.

The testimony on Bell's ownership of the vehicle was from Jacobini himself, and his associates and employees, Bell included. For reasons set forth herein, we conclude that the trial court and the jury had legitimate questions as to the believability of Jacobini's witnesses and there was sufficient evidence to support jury findings that Jacobini was the owner of the vehicle.

The evidence to support the findings included: the truck was registered in Jacobini's name; "M & J Plumbing" signs were on the truck's sides (Note: "M & J Plumbing" was owned by Jacobini and Wally Martin); Jacobini used the truck as collateral on a bank loan; this note was renewed a number of times and the bank was not notified of any sale of its collateral; in their testimony the parties could not agree on the price to be paid or when the sale

was actually made; and the fact that the only payment actually proved up was the one made after the wreck since there was conflicting testimony concerning the lump sum payment in November, 1982.

Thus far, points of error one and four have paralleled on the ownership question. In point of error four there is the further averment by Jacobini that there was no evidence or alternately there was insufficient evidence to support the jury findings that Jacobini as the true owner of the vehicle gave Bell permission to drive the truck and he was negligent in entrusting Bell to drive his vehicle.

Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If the court so determines, the finding should be set aside and a new trial ordered. *Id.*

In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *See Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex.Civ.App.— Amarillo 1977, writ ref'd n.r.e.). This Court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *See Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

Alternately, in determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *Stodghill v. Texas Emp. Ins. Ass'n*, 582 S.W.2d 102, 103 (Tex.1979); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In Re King's Estate*, 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indem. v. Little Joe's Catfish Inn*, 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361, 362–63 (1960).

■ In conducting our review we note there was testimony that Bell had worked for Jacobini five or six years and that they were "like brothers." Also, it was shown that Bell was using a Florida driver's license to cash Jacobini's checks to Bell for labor. Testimony reflected that Bell, Jacobini, and Jacobini's secretary lived close to each other, went to parties together and had business as well as personal relationships. In answer to whether Jacobini knew he was checking in at Cleburne on a probation before the accident occurred, Bell replied, "I imagine. Hell, I've been working off and on for Louie for five years, six years." Bell had no Texas driver's license and had two previous driving while intoxicated convictions. From the circumstances the jury was justified in concluding that Jacobini was negligent in not checking Bell's driving license as he was driving a truck licensed in Jacobini's name. We overrule points of error one and four.

By point of error two Jacobini asserts that the trial court erred in submitting

Issue No. 4 with its instruction because the issue and instruction were a comment on the weight of the evidence and a misstatement of the law and failed to provide the basis for determination as to the existence of any agreement to transfer the vehicle in question from Jacobini to Bell.

Issue No. 4 was submitted as follows:

Was Louis Jacobini the true owner of the truck being driven by Joel Bell at the time of the collision in question?

In connection with this issue you are instructed that the mere registration of a vehicle in the name of a person is not necessarily determinative of ownership and the other factors which may be considered in answering a question of ownership include payment of the consideration therefor, claim of ownership, possession, exercise of control, care, management and power of disposition or the right to compel disposition thereof, and the right to the proceeds and/or monies from any such disposition.

■ Actually, Jacobini's objection made at the trial as to Issue No. 4 was to the word "true" being included before "owner" in the issue and the word "necessarily" being included in the instruction before the word "determinative." We note that TEX. R.CIV.P. 277 provides that a court should not charge in such a way as to comment directly on the weight of the evidence. However, it also provides that the court's charge would not be objectionable if it incidentally made a comment on the weight of the evidence. *Id.* We think in this situation the comment would be incidental. Jacobini did not complain at the time of the submission of the issues as to what he now argues in regard to his complaint that the issue and instruction were defective because it did not provide a basis for determination as to the existence of any agreement to transfer the vehicle from Jacobini to Bell. Therefore, we hold that the objection was waived. "It is elementary that the submission must be considered before answers are returned, not afterward." *Traders & General Ins. Co. v. Davis,* 209 S.W.2d 963, 968 (Tex.Civ.App.—El Paso 1947, writ ref'd n.r.e.) (McGill, J., concurring). The instruction did allow consideration of factors which the jury could consider on the matter of ownership. These factors include payment of the consideration, possession, care, management, claim of ownership, exercise of control, and the power to dispose of the property. We overrule point of error two.

Jacobini asserts by point of error three that the trial court erred in not submitting ten issues and their instructions as they were submitted by Jacobini to the trial court.

In TEX.R.CIV.P. 279, we are told that where the court makes a fair submission of the controlling issues raised by the pleading and evidence, the trial court should not be reversed because other shades of the same issue were not submitted. Appellee's contention is that these numerous issues requested by Jacobini were indeed various phases or different shades of Issues Nos. 4 and 5.

■ The first two issues requested by Jacobini inquired whether prior to the collision there was an offer by Jacobini to sell the vehicle in question to Bell for $4,000.00 and if so whether there had been an acceptance of Jacobini's offer by Bell. These were evidentiary issues, *see Sell v. C.B. Smith Volkswagen, Inc.,* 611 S.W.2d 897, 903 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) and, therefore, did not need to be submitted. *See Lambert v. H. Molsen & Co.,* 551 S.W.2d 151, 154 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.). Further, these first two requested issues should not have been submitted because they were not supported by the evidence. Bell testified during the deposition that he thought he had agreed to pay either $3,400.00 or $4,300.00 and at trial he stated that "y'all come [sic] up with this $4,000.00." In addition, these first two requested issues, as well as the issues and instructions in requested Issues Nos. 4, 5, 6, 9, and 14, are all shades of Issue No. 4 which was submitted by the court and involved the ownership question. According-

ly, there was no error in the trial court's refusal to submit these requested issues since they were all different shades of Issue No. 4. *See American Transfer & Storage Co. v. Reichley,* 560 S.W.2d 196, 198 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Jacobini's requested Issues Nos. 7 and 8, with their instructions, have to do with permission and use of the vehicle. We hold that these too are shades of Issue No. 5 submitted by the trial court which asked: "On the occasion in question was Joel Bell driving the vehicle in question with permission of Louis Jacobini?" *See id.* Therefore, we hold that the trial court properly refused to submit such issues and instructions as were submitted by Jacobini and complained of in his point of error three and we overrule point of error three.

■ In point of error seven, Jacobini asserts that the court should have granted a new trial because it did not submit such issues to the jury concerning apportionment of fault as between Jacobini and the other parties. TEX.R.CIV.P. 279 holds that "[f]ailure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; ..." Jacobini submitted no issue requesting comparison of fault of the parties. We overrule point of error seven.

In his point of error five, appellant asserts error in allowing into evidence the fact that he purchased a policy of insurance on the vehicle in question after the occurrence in question. Appellant claims the injection of insurance put him in the position of having to prove there was no insurance at the time of the accident.

In order to show that injection of insurance in a case was reversible error, it must be shown that it caused the rendition of an improper judgment. *See* TEX.R.APP.P. 81. Certainly, in this case, it would appear to us that if there was error in letting the jury know that the appellant was not covered by insurance, it would have been in his favor because it is a well known fact that juries are more free with insurance company money than they are with an individual's money. *See Barrington v. Duncan,* 140 Tex. 510, 516, 169 S.W.2d 462, 465 (1943).

■ Further, as TEX.R.EVID. 411 specifically provides: "This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Since the main point of contention in this lawsuit was the matter of ownership of the vehicle, evidence of insurance was admissible under rule 411. *See Harper v. Highway Motor Freight Lines,* 89 S.W.2d 448, 451 (Tex.Civ.App.—Dallas 1935, writ dism'd). We also note that Jacobini himself first injected the insurance matter into this case in his testimony from the stand on direct. We overrule point of error five.

■ Point of error six is the contention of Jacobini that his motion for new trial should not have been overruled because the damages of $920,000.00 were manifestly too large. Whether or not a judgment is excessive is a question of fact. *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017, 1021 (1950). Testimony before the court and jury showed that the deceased was 47 years old when he died and had a life expectancy of 27.3 years. He had a good employment record and in the light of the economy, inflation and other relevant factors, we do not find that the court erred in overruling the motion for new trial and we overrule point of error six.

■ We have before us three cross points of error urged by the appellee. We overrule cross point one, concerning the trial court's failure to admit the testimony of Nelda Emrick that she understood the vehicle in question was owned by Jacobini, and three, asking this court to hold as a matter of public policy that failure to comply with the Certificate of Title Act creates a duty on a vendor not to negligently en-

trust a vehicle to a vendee, without discussing same, particularly in light of our rulings thus far on the points of error. We do sustain cross point two which asserted error in the trial court in refusing evidence of prior allegations against the appellant, Jacobini, for negligent entrustment. The record shows that Jacobini had been asked on direct by appellee's attorney the question as to whether or not he had previously been accused of negligent entrustment. His answer was that he had not. The evidence offered by appellee which was denied by the trial court consisted of petitions and lawsuits filed before the lawsuit in question in which Jacobini was alleged to have been the owner of vehicles which employees or independent contractors were driving at the time of involvement in accidents. Clearly there was a contradiction here which amounted to impeachment. We hold that the evidence was admissible for the purpose of impeaching the witness. *See* TEX.R.EVID. 612. We sustain cross point two.

Having considered all points and cross points submitted in this case and made rulings thereon, we affirm the judgment of the trial court.