**TEXAS ANIMAL HEALTH COMMISSION,**
Appellant,

v.

**John D. MILLER, Appellee.**

**No. 11–92–009–CV.**

Court of Appeals of Texas, Eastland.

March 25, 1993.

Rehearing Denied April 29, 1993.

David J. Guillory, Atty. General's Office, Gen. Litigation Div., Austin, for appellant.

John C. Fleming, Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

## OPINION

McCLOUD, Chief Justice.

John D. Miller sued his employer, the Texas Animal Health Commission, under the "Whistle Blower Act," TEX.REV.CIV. STAT.ANN. art. 6252–16a (Vernon Pamph. Supp.1993).[1] Miller alleged that the Commission suspended, terminated, and otherwise discriminated against him because he reported violations of law to the Consumer Protection Division of the Attorney General's Office. The jury returned a verdict favorable to Miller. The trial court entered judgment against the Commission in the amount of $370,125.00. We affirm.

The Commission raises four points of error. We cannot, however, consider three of these points of error because the Commission did not preserve error in the trial court. See TEX.R.APP.P. 52(a).

■■■ The Commission urges in its second point of error that the trial court erred in omitting a proposed instruction to the jury. The failure to submit an instruction is not grounds for reversal unless a sub-

stantially correct instruction has been requested in writing and tendered by the party complaining of the judgment. TEX. R.CIV.P. 278. In *Woods v. Crane Carrier Co., Inc.,* 693 S.W.2d 377 (Tex.1985), the Supreme Court held that the "in writing" requirement of Rule 278, (then Rule 279), was mandatory and that merely dictating the requested instruction into the record did not preserve error for appellate review. The Commission dictated its requested instruction into the record in the form of an objection to the charge. This was insufficient to preserve error. The Commission's second point of error is overruled.

■■■ The Commission asserts in its fourth point of error that no evidence was presented linking Miller's alleged "whistle blowing" and Miller's termination. In order to obtain appellate review of a "no evidence" point, the complaint must be presented to the trial court by a motion for instructed verdict, a motion for judgment notwithstanding the verdict, an objection to the submission of the issue to the jury, a motion to disregard the jury's answer to a vital fact issue, or a motion for new trial. *Cecil v. Smith,* 804 S.W.2d 509 (Tex.1991); *Aero Energy, Inc. v. Circle C Drilling Company,* 699 S.W.2d 821 (Tex.1985). The only time that the Commission presented its "no evidence" contention to the trial court was in a motion for instructed verdict made at the close of Miller's evidence. After this motion was denied, the Commission presented its evidence. The Commission did not re-urge its motion for instructed verdict after both sides closed. The Commission, by not electing to stand on its motion for instructed verdict and by proceeding with the introduction of its own evidence, waived its motion for instructed verdict. *Bryan v. Dockery,* 788 S.W.2d 447 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Jacobini v. Hall,* 719 S.W.2d 396 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Texas Steel Company v. Douglas,* 533 S.W.2d 111 (Tex.Civ.App.—Fort Worth

---

**1.** Section 2 of the Act reads as follows:

A state or local governmental body may not suspend or terminate the employment of, or otherwise discriminate against, a public employ-

ee who reports a violation of law to an appropriate law enforcement authority if the employee report is made in good faith.

1976, writ ref'd n.r.e.). Thus, the Commission did not preserve its "no evidence" complaint for appellate review. The Commission's fourth point of error is overruled.

■ The Commission asserts in its third point of error that Miller cannot maintain a cause of action under the Whistle Blower Act as a matter of law. This contention is based on the following legal arguments: (1) that Miller did not report a "violation of law," (2) that Miller cannot enjoy the protection of the Act because his report was not made voluntarily, and (3) that the Consumer Protection Division of the Attorney General's Office was not an "appropriate law enforcement authority." The Commission contends that the evidence offered by Miller in support of certain elements of the cause of action is "legally insufficient." A "no evidence" point may be sustained when the record discloses that the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 TEX.L.REV. 361 (1960).

We can only consider these "no evidence" contentions if they were properly presented to the trial court by one of the above listed procedures. *Cecil v. Smith, supra; Aero Energy, Inc. v. Circle C Drilling Company, supra.* The Commission's arguments were urged only in its motion for instructed verdict which was waived by the Commission's subsequent presentation of evidence. *Bryan v. Dockery, supra;* Jacobini v. Hall, supra; Texas Steel Company v. Douglas, supra. *These arguments are not, therefore, preserved for appellate review. The Commission's third point of error is overruled.*

The Commission contends in its first point of error that the trial court erred in awarding Miller trial and appellate attorney's fees. Section 4(a)(4) of the Act provides that a public employee who sues un-

der the Act may recover "reasonable attorney's fees." The questions and answers concerning attorney's fees are as follows:

## Question No. 7

What amount do you find by a preponderance of the evidence to represent the reasonable and necessary attorneys fees incurred by John Miller for the following:

(a) Attorneys fees and expenses incurred in his administrative appeal from his termination and suspension.[2]

Answer: $4,000.00

(b) Attorneys fees and expenses incurred in the trial of the case.

Answer: $0

(c) Attorneys fees and expenses incurred in the event of an appeal to the Court of Appeals.

Answer: $100,000.00

(d) Attorneys fees and expenses incurred in the event of a Writ to the Supreme Court of Texas.[3]

Answer: $100,000.00

Miller filed a motion to disregard the jury's answer of zero to the trial attorney's fees question urging that the evidence conclusively established the amount of reasonable attorney's fees. Walter Borgfeld, the original attorney retained by Miller, testified that Miller entered into a contingent fee arrangement. The contingent fee arrangement provided that Miller's attorneys were to receive one-third of any amount recovered with the condition that they would receive forty percent if the case was appealed. John W. Mitchell, an attorney, testified that this particular fee arrangement was "reasonable and ordinary and customary for San Augustine County." The trial court granted Miller's motion by awarding Miller $85,000.00 in attorney's

---

2. The Commission does not challenge the amount of attorney's fees incurred in Miller's administrative appeal.

3. The jury's answers to question 7(c) and question 7(d) appear to award Miller $200,000.00 in

attorney's fees in the event of a "Writ to the Supreme Court of Texas." Miller has never asserted this position, however. He contends that the jury did not intend that he receive any additional attorney's fees if the case was appealed to the Supreme Court.

fees for trial and $15,000.00 for appellate attorney's fees.[4]

■ A trial court can set aside a jury's answer to a fact issue and enter its own affirmative answer if the fact is conclusively established. *Fort Worth State School v. Jones,* 756 S.W.2d 445, 446 (Tex.App.—Forth Worth 1988, no writ); *Haddad v. Boon,* 609 S.W.2d 609 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). We must, therefore, determine if Miller's evidence concerning the contingent fee arrangement conclusively established the amount of reasonable attorney's fees. We note at the outset, that several cases have held that, when a statute provides for the recovery of attorney's fees, evidence concerning a contingent fee arrangement is "no evidence." *King v. Ladd,* 624 S.W.2d 195 (Tex.Civ.App.—El Paso 1981, no writ); *Prudential Insurance Company of America v. Uribe,* 595 S.W.2d 554 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Community Life & Health Insurance Company v. McCall,* 497 S.W.2d 358 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.); *General Life Ins. Co. v. Potter,* 124 S.W.2d 409 (Tex.Civ.App.—Eastland 1939, no writ). These cases hold that a litigant must present evidence of the services actually performed on the case by the attorney in order to be awarded attorney's fees. Several later cases have taken the opposite view by holding that evidence regarding a contingent fee arrangement is sufficient to support an award of attorney's fees. *General Life & Accident Insurance Company v. Higginbotham,* 817 S.W.2d 830 (Tex.App.—Fort Worth 1991, writ den'd); *March v. Thiery,* 729 S.W.2d 889 (Tex.App.—Corpus Christi 1987, no writ); *Hochheim Prairie Farm Mutual Insurance Association v. Burnett,* 698 S.W.2d 271 (Tex.App.—Fort Worth 1985, no writ); *Liberty Mutual Insurance Co. v. Allen,* 669 S.W.2d 750 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Jim Walter Homes, Inc. v. Schuenemann,* 655 S.W.2d 264,

268–69 (Tex.App.—Corpus Christi 1983), *affirmed,* 668 S.W.2d 324 (Tex.1984); *Texas Farmers Insurance Company v. Hernandez,* 649 S.W.2d 121 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.).

The holdings in some of the cases cited above have been based on qualifying language contained in the applicable statute. See *King v. Ladd, supra* (evidence concerning a contingent fee arrangement is "no evidence" when the statute provides for "attorney's fees reasonable in relation to the amount of work expended"); *Jim Walter Homes, Inc. v. Schuenemann, supra* (evidence concerning a contingent fee arrangement is sufficient evidence when the statute provides for "reasonable attorney's fees actually incurred"). Absent any language to the contrary contained in the Act, we hold that evidence concerning a contingent fee arrangement will support an award of attorney's fees under the Act.

■ Having decided that evidence of a contingent fee agreement will support an award of attorney's fees under the Act, we must now determine whether Miller conclusively established that his reasonable attorney's fees were $85,000.00 for trial and $15,000.00 on appeal. Mitchell's testimony was the only evidence offered regarding the reasonableness of this contingent fee arrangement. The Commission did not attempt to controvert this testimony. In *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex.1990), the Supreme Court held that reasonable attorney's fees can be established as a matter of law by the uncontradicted testimony of an interested witness if the evidence is:

[C]lear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon ... especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so.

---

**4.** The jury awarded Miller $57,500.00 in actual damages and $200,000.00 in exemplary damages for a total of $257,500.00 in damages. According to our calculations, $85,833.33 is one-third of this amount and $103,000.00 is forty percent of this amount. Miller's motion to disregard the jury's answer only asserted that reasonable attorney's fees were conclusively established as $85,000.00 for fees incurred at trial and an additional $15,000.00 in the event of an appeal. The trial court apparently used these figures in modifying the judgment.

Mitchell's testimony concerning the reasonableness of the contingent fee arrangement was clear, direct, and positive. No attendant circumstances suggest that this contingent fee arrangement was not a reasonable fee. We hold that Miller conclusively established his reasonable attorney's fees in the amount of $85,000.00 for fees incurred at trial and $15,000.00 for fees on appeal. The Commission's first point of error is overruled.

The judgment of the trial court is affirmed.