

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00360-CV

---

IN THE INTEREST OF J.W. AND T.W., CHILDREN

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2021-542,797, Honorable J. Phillip Hays, Presiding

---

June 15, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Our opinion issued on May 25, 2023, is withdrawn and vacated, and this opinion is substituted in lieu thereof.

Father, J.D.W., appeals from the trial court's order terminating his parental rights to his children, J.W. and T.W.[1] By issues one and two, he contends the evidence is legally and factually insufficient to support (1) termination under section 161.001(b)(1)(D), (E), and (O) of the Texas Family Code and (2) the best interest finding. By his third issue, he

---

[1] To protect the privacy of the parties involved, we refer to the parents and children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

asserts the trial court abused its discretion in making a conservatorship finding based on insufficient evidence.  We affirm.

ANALYSIS

**ISSUES ONE AND TWO**

By issues one and two, father makes a legal and factual sufficiency challenge. After a jury trial, a legal-sufficiency challenge may be preserved in the trial court in one of the following ways: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *See In re D.T.,* 625 S.W.3d 62, 75 (Tex. 2021) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)).  Preservation of a factual-sufficiency challenge requires a motion for new trial.  *Id.* (citing TEX. R. CIV. P. 324(b)(2)).

A review of the record reveals father filed a motion for directed verdict after the close of the case presented by the Texas Department of Family and Protective Services, which was denied by the trial court.  Thereafter father proceeded to introduce evidence and present his case but did not re-urge his motion at the close of evidence.  By failing to re-urge his motion, father waived error on his motion for directed verdict and his legal sufficiency challenge.[2]  Father did not file a motion for new trial or any other motions or objections to preserve error.

---

[2] *See In the Interest of L.A.M.*, No. 07-21-00124-CV, 2022 Tex. App. LEXIS 3515, at *8 (Tex. App.—Amarillo May 24, 2022, no pet. h.); *Texas Steel Company v. Douglas*, 533 S.W.2d 111, 113–14 (Tex. App.—Fort Worth 1976, writ ref'd n.r.e.) ("The law is well settled that a defendant by electing not to stand on its motion for an instructed verdict made after the plaintiff had introduced its evidence and rested its case, and

2

Father failed to preserve his legal and factual sufficiency challenges.[3]  Accordingly, issues one and two are overruled.

**ISSUE THREE—CONSERVATORSHIP FINDING**

Having found father failed to preserve his legal and factual sufficiency challenges, we need not address the conservatorship issue.  Issue three is overruled.

**CONCLUSION**

We affirm the judgment of the trial court.


Alex L. Yarbrough
Justice

---

by proceeding with the introduction of its own evidence, waives its motion for an instructed verdict."); *Tex. Animal Health Comm'n v. Miller*, 850 S.W.2d 254, 255–56 (Tex. App.—Eastland 1993, writ denied) ("The Commission, by not electing to stand on its motion for instructed verdict and by proceeding with the introduction of its own evidence, waived its motion for instructed verdict.").

[3] TEX. R. APP. P. 33.1; TEX. FAM. CODE ANN. § 109.002; *see also In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).

3