**William G. YEAGER, Appellant,**

v.

**J. D. ABRAMS, INC., Appellee.**

**No. 6222.**

Court of Civil Appeals of Texas, El Paso.

April 12, 1972.

**272**

Paxson & Santiesteban, Robert E. Kennedy, Marshall I. Yaker, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, Sam Sparks, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

William G. Yeager, Appellant-plaintiff, filed this action against Harvey Dell Sims, individually and as agent for Kenneth L. Sims, and against J. D. Abrams, Inc., for damages resulting from an automobile intersection collision. At the conclusion of the presentation of evidence by the plaintiff, all defendants moved for directed verdict. The trial Court overruled the motion of Sims, but directed a verdict for Abrams. The plaintiff then took a nonsuit as to Sims and judgment was entered that he take nothing as to Abrams. This appeal is from the judgment sustaining Abrams' motion for directed verdict. We are of the opinion that the judgment should be affirmed.

The written Motion for Directed Verdict of Appellee-defendant Abrams was based on specific grounds, as required by Rule 268, Texas Rules of Civil Procedure. These were five in number. The trial Court did not state upon which grounds the motion was sustained. Appellant's points of error are directed at only two, or possibly three, of such grounds. We are of the opinion that one of the grounds not complained of on appeal is well taken and will support the action of the trial Court. For that reason, we affirm the judgment. Malooly Brothers, Inc. v. Napier et al., 461 S.W.2d 119 (Tex.Sup.1970).

Appellee plead contributory negligence on the part of Appellant, alleging that he ran a stop sign in violation of Article 6701d, Vernon's Ann.Civ.St. One of the grounds for Abrams' Motion for Directed Verdict was that the evidence was undisputed that Appellant did run the stop sign and caused the collision. The statement of facts reflects that to be true. Appellant testified without equivocation or contradiction that he did run the stop signs. There is no evidence to the contrary, reasonable minds could not differ, and as a matter of law he is guilty of negligence proximately causing his damage and therefore he cannot recover for them.

As indicated, Appellee's motion was based on five grounds, of which only two, or possibly three, are challenged. As we understand the law, we are to sustain the judgment under such circumstances, since the trial Court did not specify the grounds for sustaining it, and it may have been based on a ground not specifically challenged by the plaintiff and there was no general assignment that the trial Court erred in granting the motion. Malooly Brothers, Inc. v. Napier et al., supra. For this additional reason, the judgment is affirmed.