**Don McCARLEY, Appellant,**

v.

**Royce HOPKINS, Mollie Hopkins and Travel Innovations, Inc., Appellees.**

No. 01–84–0446–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 1985.

Robin A. Hartman, Houston, for appellant.

James P. Keenan, Bracewell & Patterson, Houston, for appellees.

Before JACK SMITH, BASS and HOYT, JJ.

OPINION

BASS, Justice.

Appellant, Don McCarley, appeals a directed verdict granted in favor of the appellees, Royce and Mollie Hopkins.

We affirm.

Don McCarley and a partner owned All Seasons Travel Agency. In 1981, McCarley began negotiating the merger of All Seasons with Travel Innovations, Inc., which was a Texas Corporation owned and operated by Royce and Mollie Hopkins. During the negotiations, McCarley and Royce Hopkins decided that McCarley would have to buy out his partner. To do this Royce Hopkins had to replace McCarley's partner as a guarantor on a bank loan that All Seasons had outstanding. Royce Hopkins also loaned McCarley $20,000 to buy out his partner and in return received a promissory note and a security interest in All Seasons. Thereafter, Travel Innovations of Texas, Inc., (TIOT) was formed for the purpose of merging All Seasons and Travel Innovations. After the assets of both agencies were transferred to TIOT, but before the merger papers were signed, a dispute arose concerning the composition of both the board of directors and the officers as well as the proposed issuance of TIOT stock. This dispute precipitated a suit by McCarley against the Hopkinses and Travel Innovations, Inc. In the suit, he alleged a breach of an express and implied contract, unjust enrichment, breach of a joint venture or partnership, fraud, wrongful appropriation, and asked for an accounting. The Hopkinses answered these allegations and asserted that they were not liable in the capacity in which they were sued, and that they did not enter into a partnership or joint venture with McCarley. Additionally, Royce Hopkins filed a counterclaim for default of the promissory note and for fraud in the execution of the promissory note.

The trial court granted a directed verdict on all causes of action asserted by McCarley against the Hopkinses in their individual capacity. The remaining portion of the

**512**

case was submitted to the jury. The jury found for McCarley on his causes of action against Travel Innovations and for Royce Hopkins on his counterclaim for breach of the promissory note, but not for fraud in the execution of that note. In the jury's answer to the special issues, McCarley was awarded a $128,000 verdict against Travel Innovations, and Royce Hopkins was awarded a $28,807.05 verdict against McCarley.

■ The appellant claims that the trial court erred in granting the directed verdict for the Hopkinses. The Hopkinses' motion for directed verdict stated that there was a defect in McCarley's pleadings and a lack of sufficient evidence to support any cause of action against them individually. The trial judge did not specifically state upon which grounds he was granting the directed verdict. Therefore, his ruling must be upheld if any of the stated grounds in the motion entitled the moving party to the directed verdict. *Yeager v. Abrams*, 480 S.W.2d 271 (Tex.Civ.App.—El Paso 1972, no writ). An instructed verdict is proper (1) when a defect in the opponent's pleadings makes them insufficient to support a judgment, (2) when the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or (3) when the evidence offered on a cause of action is insufficient to raise an issue of fact. *Ottis v. Haas*, 569 S.W.2d 508 (Tex. Civ.App.—Corpus Christi 1978, no writ).

■ In point of error number one, McCarley asserts that the record raises a fact issue concerning the personal liability of the Hopkinses. He argues that borrowing $20,000 from Royce Hopkins constitutes proof that Hopkins was involved in the merger as an individual. However, the promissory note was not conditioned on the merger, but was an independent contract between McCarley and Royce Hopkins.

■ McCarley also argues that Royce Hopkins' guaranteeing of a loan, his taking a security interest in All Seasons to secure his promissory note, and the issuing 500 shares of TIOT stock to himself all demon-

strates Hopkins individual involvement. However, the record shows that the guarantee transaction was made to assist McCarley in obtaining ownership of All Seasons. It was an independent transaction preceding the merger of the two business entities. As to the issuance of the stock, Royce Hopkins was to receive 500 shares of TIOT for his security interest in All Seasons.

■ In reviewing this evidence in a light most favorable to the appellant, we find that there is no testimony or evidence offered that an agreement to merge Travel Innovations and All Seasons was entered into between McCarley and the Hopkinses as individuals, that the Hopkinses were unjustly enriched, that the Hopkinses defrauded him in any manner, or that he and the Hopkinses agreed to form a joint venture or partnership. The Hopkinses were involved in the merger as officers and/or directors of Travel Innovations. The trial court correctly granted the motion for directed verdict, because McCarley produced no evidence that the Hopkinses were liable individually or that they were using the corporate entity as a sham. The appellant's first point of error is overruled.

In the appellant's second and third points of error, he argues that the trial court erred in excluding from evidence Plaintiff's Exhibit No. 20, comprised of Travel Innovations' corporate documents, and also in excluding from evidence the cross-examination testimony of Royce Hopkins concerning this exhibit. Exhibit 20 included the minutes of the meetings of the incorporators and the initial board of directors, the by-laws, the certificate of incorporation, the statement of registered agent and registered office, the resignation of Miller E. Waslick and Marian Waslick, the annual stockholders' meetings, the stock certificates, the resignation of Delynne Nale, the shareholder's buy/sell agreement, and the articles of incorporation. Initially, the exhibit was offered and accepted into evidence without objection; however, the trial court withdrew the exhibit from evidence.

■ It is within the sound judicial discretion of the trial court to exclude evidence, and the trial court's decision can only be overturned on a showing of a clear abuse of that discretion. *See Landry v. Travelers Insurance Co.*, 458 S.W.2d 649 (Tex. 1970). The appellant does not show how the trial court abused its discretion but simply argues that if Exhibit 20 had been in evidence he could have cross-examined Royce Hopkins with it. Thus, he alleges that he could have rebutted Travel Innovations' cause of action for breach of contract and Royce Hopkins' cause of action for fraud. However, the jury found that the appellant did not breach the contract with Travel Innovations, and that he did not defraud Royce Hopkins upon the execution of the promissory note. Thus, the appellant was not injured by the exclusion of this evidence, and even if the trial court abused its discretion, the trial court's ruling on these matters was harmless error. Appellant's second and third points of error are overruled.

In appellant's fourth point of error, he complains that the trial court erred in excluding certain damages testimony. The court did not allow the appellant to testify on his lost benefits from discounted travel and from discounted accommodations. Appellant argues he would have received these benefits if Travel Innovations had not breached its contract with him. The appellees objected to this testimony on the basis that it was conjecture and speculation as to what trips, if any, McCarley would have taken. The court sustained the objection and allowed the appellant to perfect a bill of exceptions.

■ In Texas, a plaintiff has the burden of proving, with some degree of certainty, the factual basis that will support the amount of his damages. *Schoenberg v. Forrest*, 253 S.W.2d 331 (Tex.Civ.App.— San Antonio 1952, no writ); *see also International Harvester Co. v. Kesey*, 507 S.W.2d 195, 197 (Tex.1974). In reading the appellant's bill of exceptions, we find that he failed to show with any degree of certainty the basis of these alleged damages.

He did not substantiate what trips, if any, he intended to take or the value of those trips. The excluded testimony was merely speculative. The appellant's fourth point of error is overruled.

The judgment is affirmed.