**FORT WORTH STATE SCHOOL, Appellant,**

v.

**Barbara A. JONES, Appellee.**

**No. 2–87–232–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1988.

Helen Bright, Asst. Atty. Gen., Austin, for appellant.

Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellee.

Before BURDOCK, FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

This is a worker's compensation case in which the trial court disregarded a jury finding that the claimant's injury was not in the course of her employment and entered judgment for the appellee. We reverse the judgment of the trial court and render judgment for the employer because evidence in the record supports the jury finding that the claimant was not injured in the course of her employment.

Barbara Jones, claimant and appellee, was employed by the Fort Worth State School, appellant, and a self-insured state agency. While at work, Jones suffered a cerebral hemorrhage. Jones testified that her hemorrhage was the result of a fall which occurred on the job. The state school pleaded that appellee's injury was a result of pre-existing hypertension and introduced evidence that Jones' injury was caused by hypertension. The jury found that Jones received an injury but answered "no" to question two inquiring "was [Jones] injured in the course of her employment?" Because of its "no" answer to question two, the jury was not required to answer the remaining questions in the court's charge.

The trial court in its judgment recited a finding of fact that the uncontradicted evidence showed that Jones received an injury and that it was received in the course of her employment. The trial court also found the evidence was undisputed that Jones' injury was a producing cause of total and permanent incapacity and accordingly entered judgment for Jones.

In its first point of error, the state school argues that the trial court erred in granting Jones' motion for judgment non obstante veredicto and in disregarding the jury finding to question two inquiring about course of employment because there was some evidence to support the jury's answer to number two.

■ A trial court may render judgment non obstante veredicto if a directed verdict would have been proper; additionally, a trial court may, upon motion and notice, disregard any jury finding on a question that has no support in the evidence. TEX.R.CIV.P. 268, 301. A directed verdict is proper only under limited circumstances, i.e.: (1) a defect (specifically indicated) in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negate the right of his opponent to judgment; or (3) the evidence is insufficient to raise an issue of fact as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *McCarley v. Hopkins*, 687 S.W.2d 510, 512 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932–33 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); and *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ If a jury makes a negative finding in answer to a question within the charge, it means that the party with the burden of proof has failed to carry its burden of proving that fact. *Grenwelge v. Shamrock Reconstructors, Inc.*, 705 S.W.2d 693, 694 (Tex.1986) (per curiam); *Siderius, Inc. v. Wallace Co., Inc.*, 583 S.W.2d 852, 861 (Tex.Civ.App.—Tyler 1979, no writ). A trial court may not properly disregard a jury's negative finding and substitute its own affirmative finding unless the evidence conclusively establishes the issue. *New Process Steel Corp. v. Steel Corp.*, 703 S.W.2d 209, 216 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Haddad v. Boon*, 609 S.W.2d 609, 614 (Tex.Civ. App.–Amarillo 1980, writ ref'd n.r.e.) (opinion on reh'g); and *Brownsville & Matamoros Bridge Co. v. Null*, 578 S.W.2d 774, 780 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). *See also Bond v. Otis Elevator Company*, 388 S.W.2d 681, 685 (Tex. 1965) (opinion on reh'g). In determining whether the evidence establishes an issue as a matter of law, we must review all evidence in a light most favorable to the jury's finding and disregard all evidence and inferences to the contrary. *See Tren-*

*holm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex. 1983); *New Process Steel,* 703 S.W.2d at 216.

■ Because it was Jones' burden to prove that her injury occurred in the course of her employment, we must begin by first searching the records for evidence to the contrary, ignoring all evidence supporting her position. We find there is evidence of probative value that Jones was not injured in the course of her employment, and we hold the trial court erred in disregarding the jury's answer to the question.

The deposition testimony of Dr. Raymond LeBlanc supports the jury's answer to question two. LeBlanc, a neurosurgeon, saw Jones at the hospital after her injury. LeBlanc testified that Jones had a history of hypertension. His diagnosis was that Jones had suffered a hypertensive hemorrhage into the right side of her brain. It was the doctor's opinion that the hemorrhage was a result of Jones' hypertension. LeBlanc testified that in his opinion, based upon reasonable medical probability, that the injury to Jones was not the result of a blow to the head, as Jones contended. The doctor testified in detail about the etiology of hypertension. The testimony of LeBlanc constituted some evidence that Jones' injury was not in the course of her employment. We sustain the state school's first point of error.

Because of our determination of the state school's first point of error, it is unnecessary that we consider its remaining point. The judgment of the trial court is reversed and we render judgment that the appellee, Jones, take nothing.