**Blair D. NELLER, Appellant,**

v.

**Mark F. KIRSCHKE, Appellee.**

**No. 01–94–01253–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1995.

Rehearing Overruled June 6, 1996.

David C. Holmes, Houston, for appellant.

Michael J. Zomcik, Mark F. Kirschke, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

This case arises out of a landlord-tenant dispute. Blair D. Neller, appellant-landlord, filed an action in the county court to recover his attorneys' fees from a justice of the peace court proceeding and actual damages as a result of Mark F. Kirschke, appellee-tenant, breaching his lease. Kirschke filed counterclaims in the county court action seeking actual and exemplary damages. The jury found against both parties, and the trial court rendered a take-nothing judgment.

Neller raises two points of error. In his first point of error, Neller contends the trial court erred by rendering a take-nothing judgment because, as a matter of law, he was entitled to recover his attorney's fees for the prior action held in the justice court. In his second point of error, Neller contends the trial court erred by rendering a take-nothing judgment because the evidence conclusively established that Kirschke breached the lease and therefore Neller was entitled to recover damages and attorney's fees in the county court action.

We affirm.

### Summary of Facts

Neller leased a duplex to Kirschke in August 1989. The original term of the lease expired on August 31, 1990, but the parties extended the lease through August 31, 1992. There were numerous disputes between Neller and Kirschke during the term of the lease; however, the only dispute that is relevant to this appeal relates to the maintenance of the duplex by Kirschke.

Provision 11 of the lease placed the burden of maintaining the duplex on Kirschke and gave Neller the right to terminate the lease and seek damages if, in his judgment, he found substantial damage to the duplex. In April 1992, Neller inspected the duplex and discovered that Kirschke had not maintained the premises, and he determined Kirschke had caused substantial damage to the duplex. In a letter dated May 1, 1992, Neller's attorney notified Kirschke of five specific areas in which the property had not been maintained:

1. The carpet (which was new when you moved in two years ago) has been stained in numerous places by what appears to be either ink or oil of some type.

2. The fixtures and counter top in the master bath have been discolored and show signs of rotting and corrosion.

3. The kitchen floor, counter tops, and sink are severely discolored and shown [sic] signs of some type of abuse

4. There are significant amounts of garbage strewn both inside and outside of the apartment.

5. The lawn and shrubbery are not being maintained.

Pursuant to provision 11 of the lease, Neller's attorney notified Kirschke that Neller

would not be renewing the lease. After a series of more inspections, Neller saw that Kirschke did nothing to improve the condition of the duplex. In a letter dated June 8, 1992, Neller's attorney notified Kirschke that Neller was exercising his right to terminate the lease because of the damage to the duplex and because of nonpayment of rent,[1] and Neller required Kirschke to vacate the duplex by June 30, 1992.

Kirschke refused to vacate the duplex, so Neller filed a forcible entry and detainer action in justice court. The forcible entry action was predicated on a failure to pay the late charges, as well as an allegation of a breach of the lease due to substantial damages to the duplex. Neller sought relief for the late payment charges, with interest, and the reasonable and necessary attorney's fees incurred. On August 18, 1992, the justice court rendered an agreed judgment, wherein Kirschke agreed to vacate the lease premises on or before August 27, 1992, or a writ of possession would issue. Attorney's fees were not awarded to either party in the agreed judgment.

The day before the agreed judgment was rendered, Neller filed suit against Kirschke in County Court at Law Number 1 for recovery of damages sustained as a result of the breach of the lease agreement, reasonable and necessary attorney's fees, and costs of court. After the agreed judgment was rendered, Neller amended his original petition to include recovery for the attorney's fees incurred in the forcible entry and detainer action. Neller never appealed the agreed judgment rendered in the justice court. Kirschke filed counterclaims in the county court suit alleging, *inter alia*, that Neller breached the lease agreement. The jury found neither party breached the lease agreement. Accordingly, the judge rendered a take-nothing judgment against both parties and ordered neither party was entitled to damages or attorney's fees.

## Attorney's Fees

■ In his first point of error, Neller contends the trial court erred by rendering a take-nothing judgment because, as a matter

of law, he was entitled to recover his attorney's fees for the prior action held in the justice court. Paragraph 35 of the lease agreement between Neller and Kirschke provided: "Any signatory to this agreement who is the prevailing party in any legal proceeding against any other signatory brought under or with relation to this agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party."

Neller urges he was the "prevailing party" in the forcible entry and detainer action so, as a matter law, he was entitled to the $13,748.96 in attorney's fees incurred in that action. *See* TEX.PROP.CODE ANN. § 24.006(b) (Vernon Supp.1995). He argues because the amount in attorney's fees exceeded the $5,000 jurisdictional amount of the justice court, he was entitled to seek the monetary relief through a separate suit in a county court. *See* TEX.PROP.CODE ANN. § 24.008 (Vernon Supp.1995); *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935).

Kirschke responds that from the face of Neller's pleadings in the justice court, the justice court had jurisdiction and fully adjudicated all of the matters before it and did not award attorney's fees to either party. Kirschke argues there was no record establishing Neller severed out its attorney's fees request from the justice court action. As such, Kirschke contends that Neller's attempt to recover attorney's fees in the county court is a collateral attack of a matter which is res judicata.

■ An agreed judgment has the same binding force and effect as a judgment resulting from trial to the bench or a jury and is subject to collateral attack only if the court rendering judgment did not have jurisdiction to render it. *Biaza v. Simon*, 879 S.W.2d 349, 354 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Block v. Employers Casualty Co.*, 723 S.W.2d 173, 177 (Tex.App.—San Antonio 1986), *aff'd*, 744 S.W.2d 940 (Tex.1988). The agreed judgment rendered in the forcible entry and detainer case was the "final judgment" in the case. A judgment rendered by agreement of the parties

1. The dispute of nonpayment of rent is not material to the issues on appeal.

in pursuance of a compromise or a settlement of a controversy becomes a judgment on the merits. *See Bell v. Moores*, 832 S.W.2d 749, 754 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Although the matter of attorney's fees had not been specifically disposed of in the agreed judgment, we hold the judgment disposed of all issues before the justice court, including attorney's fees, because it was raised in the forcible entry and detainer action. Therefore, the judgment served as a basis for a plea of res judicata. *See Bell*, 832 S.W.2d at 755; *Rhoades v. Prudential Leasing Corp.*, 413 S.W.2d 404, 407 (Tex.Civ. App.—Austin 1967, no writ).

Neller argues he severed his attorney's fees prayer from his justice court action and pursued his attorney's fees in the county court. There is no record that Neller severed the request for attorney's fees from the forcible entry and detainer action. Neller filed his original petition in the county court on August 17, 1992, one day before the justice court entered the agreed judgment. The petition read: "Mr. Neller filed his Plaintiff's First Amended Petition and the forcible detainer in Precinct 5, Position 2, Justice Court of Harris County, Texas case, captioned *Blair D. Neller v. Mark F. Kirschke*, No. 118783, on July 23, 1992, seeking possession of the lease premises, past due rents, attorneys fees,[2] costs, and interest." (Emphasis added.)

Despite Neller's contention that he severed and did not seek attorney's fees in the justice court action, the pleadings filed in the county court action indicate that Neller was seeking attorney's fees in the justice court action. Moreover, in his original petition in the county court, Neller did not request attorney's fees. It was not until after the parties entered into the agreed judgment that Neller amended his original petition to include a prayer for the attorney's fees incurred in the justice court action.

We hold that Neller's assertion that he should have been awarded attorney's fees is an impermissible collateral attack on the agreed judgment rendered in the justice

court action. Had Neller wished to attack the agreed judgment on the grounds that the justice court erred in not awarding him attorney's fees, he should have properly perfected an appeal of the justice court's agreed judgment. TEX. CONST. art. V, § 16.; *RCJ Liquidating Co. v. Village Ltd.*, 670 S.W.2d 643, 644 (Tex.1984).

We overrule Neller's first point of error.

### Breach of Lease

■ In his second point of error, Neller contends the trial court erred in denying his motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial. Specifically, Neller challenges the legal sufficiency of the take-nothing judgment based on the fact that Kirschke breached the lease as a matter of law, despite the fact that the jury found that neither party had breached the lease. Alternatively, Neller challenges the factual sufficiency of the jury's findings that Kirschke did not breach the lease as against the great weight and preponderance of the evidence.

■ When the party with the burden of proof challenges the legal sufficiency to support the jury's failure to find in its favor, it must show that no evidence supports the jury's failure to find and the evidence establishes the desired finding as a matter of law. *Ramsey v. Lucky Stores, Inc.*, 853 S.W.2d 623, 632 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Neese v. Dietz*, 845 S.W.2d 311, 313 (Tex.App.—Houston [1st Dist.] 1992, writ denied). First, the record must be examined for evidence that supports the jury's findings, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; *Neese*, 845 S.W.2d at 313. Second, if there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established

---

**2.** This request for attorney's fees related to those fees incurred in the forcible entry and detainer

action.

as a matter of law. *Sterner*, 767 S.W.2d at 690.

■ Kirschke argues that because Neller did not object to the submission of jury question number one, which asked the jury whether they thought Kirschke complied with the lease, Neller did not preserve error for review on appeal. There are four ways to preserve legal sufficiency: (1) a motion for instructed verdict; (2) an objection to the submission of a jury question; (3) a motion for judgment notwithstanding the verdict; and (4) a motion for new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex.1991) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985)). We hold because Neller filed a motion for directed verdict, a motion for judgment notwithstanding the verdict, and a motion for new trial on the issue of breach as a matter of law, Neller preserved error for appellate review.

■ A directed or instructed verdict is proper under the following limited circumstances: (1) a defect in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence proves conclusively the truth of factual propositions that, under the substantive law, establish the right of the movant to judgment or negate the right of the movant's opponent to judgment; or (3) the evidence is legally insufficient to raise an issue of fact on one or more fact propositions that must be established for the movant's opponent to be entitled to judgment. *Fort Worth State Sch. v. Jones*, 756 S.W.2d 445, 446 (Tex.App.—Fort Worth 1988, writ denied); *McCarley v. Hopkins*, 687 S.W.2d 510, 512 (Tex.App.—Houston [1st Dist.] 1985, no writ). A judgment notwithstanding the verdict is proper when a directed verdict would have been proper. Tex.R.Civ.P. 301; *Fort Worth State Sch.*, 756 S.W.2d at 446. Judgment notwithstanding the verdict is authorized when the pleadings or the evidence do not warrant the submission of questions to the jury in the first place. *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932–33 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ Neller asserts because he was the prevailing party in the justice court, the issue of breach had already been decided so that only the issues of attorney's fees and damages should have been submitted to the jury. A landlord or other person entitled to possession of real estate may institute suit in a justice court and seek recovery of possession of the property. *See* Tex.Prop.Code Ann. §§ 24.001–.008 (Vernon Supp.1995). The issue to be determined in the action is the right to actual possession, and the merits of the title are not the subject of inquiry. Tex. R.Civ.P. 746; *Rushing v. Smith*, 630 S.W.2d 498, 499 (Tex.App.—Amarillo 1982, no writ); *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). In the agreed judgment between Neller and Kirschke, there was no finding that Kirschke breached the lease. The assertion there was a breach for purposes of the forcible entry and detainer action merely supported the issue of possession and was not an issue the justice court decided. Therefore, Neller improperly relies on the agreed judgment to support his contention that the issue of breach had previously been decided in the justice court. *See* Tex. Prop.Code Ann. § 24.007 (Vernon Supp. 1995); *cf. West Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 536–37 (Tex.App.—Austin 1994, no writ) (holding court of appeals is prohibited from reviewing finding that tenant breached lease for purposes of awarding attorney's fees in forcible entry and detainer action, when issue of breach of lease was material only to possession).

Even so, Neller also contends because the determination of whether "substantial damages" had occurred was in his sole discretion, this was an issue of a matter of law and not one for the jury. Paragraph 11 of the lease agreement provided:

Tenant agrees to maintain the Premises and perform minor repairs such as leaking faucets and changing of air conditioner filters. Tenant shall be responsible for failure to make such repairs and shall be liable for damage resulting from such failure.... *If in Owner's judgment there is substantial damage to the Premises, Owner may terminate this lease ....* Tenant shall pay Owner for any property damage and/or the cost of repairs to the Premises

caused by the negligence or improper use by Tenant.

(Emphasis added.) Neller contends the trial court should have disregarded the jury's findings on breach because he already decided there was substantial damages to the duplex. We disagree. Upon reviewing the record, we find there is a fact issue as to whether the damage to the duplex was "substantial."

Neller testified that after his inspection, the conditions of the duplex revealed that Kirschke had not maintained the duplex. Specifically, Neller found that the countertops were discolored, food and condiments had been left out, there was mold and mildew in the kitchen, the carpet had grease-like stains on it, and the bathrooms were filthy. Further, Neller hired a property manager, John Cato, to conduct periodic inspections of the duplex, and Cato also determined Kirschke had not maintained the duplex. Based on this examination, Neller determined Kirschke had caused substantial damage to the duplex.

Kirschke testified that although the duplex was a mess, that was different than causing "substantial damage." He presented evidence that showed between the time of Neller's first inspection of the duplex to the time he moved out, he spent approximately $140 restoring the duplex to an acceptable condition. Specifically, Kirschke said he replaced kitchen gadgets, painted the walls, replaced the burner pans in the kitchen stove, cleaned the glass globes on the chandelier, hired a maid service, and hired a lawn maintenance service to trim the landscaping. On cross-examination, Kirschke elicited testimony from Neller that as of the date Kirschke moved out, the only damage to the leased premises was $250 worth of damage to the linoleum in the kitchen. Further, Mr. Cato testified that when he inspected the duplex after Kirschke moved out the duplex was clean except for the linoleum floors.

Neller testified he believed "substantial damages" meant "repairs exceeding, [sic] repairs constituting several thousand dollars." The evidence, however, shows that less than $500 was spent in restoring the duplex to an acceptable condition. His conclusion that there were "substantial damages" does not meet even Neller's own definition of "substantial."

We hold the issue of breach of the lease was a question of fact that rightfully went to the jury and was not as a matter of law decided by Neller. Further, we hold, after reviewing the entire record, there is legally sufficient evidence that supports the jury's findings that Kirschke did not breach the lease. The trial court did not err in denying Neller's request for a directed verdict or judgment notwithstanding the verdict.

 Alternatively, Neller contends the trial court erred in overruling his motion for new trial because the jury's answer to the jury question is against the great weight and preponderance of the evidence. Here, we "consider and weigh all the evidence in the record, and we must uphold the jury's finding on the issue unless we find that its verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust." *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Ritchey v. Crawford*, 734 S.W.2d 85, 87 (Tex.App.—Houston [1st Dist.] 1987, no writ). We are not free to reweigh the evidence and set aside the jury's verdict merely because we feel that a different result would have been more reasonable. *Id.* We reverse "only to prevent a manifestly unjust result." *Id.* (emphasis in original).

We hold that based upon the record and the evidence as discussed above, there was sufficient evidence to support the jury's findings that Kirschke did not breach the lease, such that the jury's verdict was not against the great weight and preponderance of the evidence. The trial court did not err in overruling Neller's motion for new trial.

We overrule Neller's second point of error.

We affirm the judgment of the trial court.