Opinion issued April 11, 2002






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01039-CV






JOSEPH R. WILLIE, II, Appellant


V.


DONOVAN AND WATKINS, INC., Appellee






On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 717,126






O P I N I O N


 In a bench trial, the trial court rendered judgment for appellee Donovan and 
Watkins, Inc. (Donovan and Watkins) in the amount of $2,796 on its action on a
sworn account and $150 for attorney's fees. Appellant, Joseph R. Willie, II, in two
points of error, (1) claims the trial court erred in denying his motion for directed
verdict and (2) asserts that the evidence is legally and factually insufficient to support
the verdict. We affirm.

Background and Procedural History

 Willie obtained the temporary services of a legal secretary through Donovan
and Watkins. Willie eventually hired the secretary as a permanent employee. 
Donovan and Watkins brought an action on a sworn account, and alternately under
a quantum meruit theory, to collect money owed for the temporary services and a
permanent placement fee. 

 The permanent placement fee was to be "1% per $1000 of annual salary." (1) 
Willie offered the secretary an annual salary of $28,800 and included a check for
$288, 1% of the annual salary, when he notified Donovan and Watkins. Donovan and
Watkins's claimed that $8064, which is 28% of the $28,800 salary, was owed for the
permanent placement service. (2) 

 Under Texas Civil Procedure Rule 185, filing an affidavit attesting, among
other things, that the claim is just, true, and due can act as prima facie evidence of the
claim unless a written denial, under oath, is filed. (3) In order to secure the benefits of
this rule, Donovan and Watkins included the affidavit of Kathy Watkins, the
corporation's president, with its petition. Also included and incorporated by
reference were invoice statements and a letter demanding payment that was sent to
Willie. 

 In response, Willie filed a verified denial as prescribed by Rule 185 and
included special exceptions with his answer. In an order dated January 20, 2000,
Judge Eugene Chambers sustained Willie's special exceptions. The court's order
struck Kathy Watkin's affidavit from the record and ordered that Donovan and
Watkins state how a breach of contract had occurred and attach a copy of a written
contract to any subsequent amended petition. Donovan and Watkins was given 30
days to amend its pleadings, but had not done so when, on February 1, 2000, Judge
Ed Landry signed an order denying Willie's special exceptions. (4) This order did not
specifically vacate the January 20, 2000 order from Judge Chambers though. 
Subsequently, Willie filed a motion for directed verdict alleging the pleadings were
fatally defective, and this was denied by Judge Landry the morning of trial. 

 At the bench trial, Heather Cates, Donovan and Watkins' office manager,
testified for Donovan and Watkins and outlined the charges that the firm alleged were
due on the account. (5) Willie testified as the sole defense witness. The court found that
the temporary fees had not been paid, but agreed with Willie's interpretation of the
placement fee clause. Judgment was entered for $2,508 for temporary services, $288
for the placement fee, and $150 for attorney's fees. The court later filed findings of
fact and conclusions of law.

Sufficiency of the Pleadings

 In his first point of error, Willie contends that the trial court erred when it
denied his motion for a directed verdict on the pleadings. He alleged in his motion
and again argues on appeal that the pleadings were fatally defective. A directed or
instructed verdict is proper when a defect in the opponent's pleading makes it
insufficient to support a judgment. Neller v. Kirschke, 922 S.W.2d 182, 187 (Tex.
App.--Houston [1st Dist.] 1995, writ denied); McCarley v. Hopkins, 687 S.W.2d 510,
512 (Tex. App.--Houston [1st Dist.] 1985, no writ). However, normally a motion for
an instructed verdict is made after evidence has been presented at trial, and we can
find no case where a motion for directed or instructed verdict has been granted prior
to the start of trial. Here, the motion was made before trial, at a time when a motion
for summary judgment would have been more appropriate. Even if construed as a
motion for summary judgment, the motion still fails because the pleadings are not
fatally defective. 

 Citing sections 121.005 and 121.007 of the Civil Practice and Remedies Code,
Willie alleges that Kathy Watkin's affidavit is defective because the notary failed to
state how the affiant was identified. Absent an exception, the officer taking an
acknowledgment must note that he or she either personally knows the acknowledging
person or the person was otherwise properly identified. Tex. Civ. Prac. & Rem.
Code Ann. § 121.005(b) (Vernon Supp. 2002). However, this requirement relates to
acknowledgments, not affidavits, and the two are clearly different things. See Cutler
v. Ament, 726 S.W.2d 605, 607 (Tex.App--Houston [14th Dist.] 1987, writ ref'd 
n.r.e.). An affidavit is defined as "a statement in writing of a fact or facts signed by
the party making it, sworn to before an officer authorized to administer oaths, and
officially certified to by the officer under his seal of office." Tex. Gov't Code Ann.
§ 312.011(1) (Vernon 1998). The affidavit of Kathy Watkins meets these
requirements and is valid.

 Willie also argues that the pleadings were fatally defective because the court
had ordered the affidavit struck when it granted Willie's motion for special
exceptions, and a later order denying that motion did not specifically vacate the prior
order. The February 1, 2000 order from Judge Landry, denying Willie's motion for
special exceptions and motion for sanctions is incompatible with the prior order
sustaining special exceptions signed January 20, 2000, by Judge Chambers. A court
may set aside an interlocutory order at any time prior to final judgment. Fruehauf
Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993). The latter order denying the
special exceptions implicitly vacated the prior order sustaining them. Cf. 
Montemayor v. State, 55 S.W.3d 78, 87 n.2 (Tex. App.--Austin 2001, pet. ref'd) ("By
failing to discharge the jury and by ordering the jury to resume deliberation, the court
implicitly withdrew its decision to grant a mistrial."); In re T.M., 33 S.W.3d 341, 345
(Tex. App.--Amarillo 2000, no pet.) ("In so rescheduling the trial, the court
implicitly modified its prior order designating the dismissal date . . . ."); Ocean
Transp., Inc. v. Greycas, Inc., 878 S.W.2d 256, 262 (Tex. App.--Corpus Christi
1994, writ denied) ("By overruling the motion to strike, the trial court implicitly
modified the docket control order."). Thus, the affidavit was part of the record when
the motion for directed verdict was denied on the day of trial. 

 Finally, Willie argues that the pleadings were fatally defective because a copy
of the written contract was not attached to the petition. However, the procedure
outlined under Rule 185 refers to a variety of account claims, not just claims on
written contracts. Numerous cases exist where an action on a sworn account was not
based on a written contract. See, e.g., Wuagneux Builders, Inc. v. Candlewood
Builders, Inc. 651 S.W.2d 919 (Tex. App--Fort Worth 1983, no pet.) (affirming
recovery on sworn account for oral contract to build retaining wall). Donovan and
Watkins's petition did not specifically mention a written contract, and, as stated
above, Willie's special exceptions had already been denied by the court when the
motion for directed verdict was heard. The failure to attach a written contract was not
fatal to the pleadings.

 We overrule Willie's first point of error.Competency of Witness

 Heather Cates, Donovan and Watkins' office manager at the time of trial, was
the only witness called by Donovan and Watkins. Willie attempts to argue under his
second point of error, which on its face refers only to legal and factual sufficiency,
that the trial court reversibly erred by admitting the testimony of Heather Cates. He
contends that the witness lacked personal knowledge of the case. While this more
properly should have been raised in a separate point of error, we will address the
issue.

 After Donovan and Watkins called Cates to testify, Willie was granted
permission by the court to examine her on voir dire. Cates testified on voir dire that
she was a lead secretary, not the office manager, at the time the temporary services
were provided to Willie, and she was not involved in contract negotiations with him. 
Willie then objected on the ground that the witness was not competent to testify. The
court overruled the objection, noting that Cates could respond to questions within her
personal knowledge. This ruling was correct. See Tex. R. Evid. 602. Willie did not
ask for a running objection to her testimony and lodged no subsequent objections in
response to specific questions or answers. Thus, Willie has preserved nothing else
for our review and has waived any error. See Tex. R. App. P. 33.1.

Legal and Factual Sufficiency of the Evidence 

 In his second point of error, Willie asserts that the evidence is legally and
factually insufficient to support the judgment. When reviewing the legal sufficiency
of the evidence, we consider only the evidence and reasonable inferences tending to
support the fact finder's finding, viewing that in the light most favorable to the
verdict. See Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992); Star
Houston, Inc. v. Shevack, 886 S.W.2d 414, 417 (Tex. App.--Houston [1st Dist.]
1994, writ denied). A legal sufficiency challenge will be overruled if there is more
than a scintilla of evidence to support the finding. See Star Houston, 886 S.W.2d at
417. 

 We will only set aside a fact finder's finding for factual insufficiency if, after
reviewing, weighing, and considering all the evidence, the finding was so against the
great weight and preponderance of the evidence that the verdict was manifestly
unjust. See Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986); Miller
v. Kendall, 804 S.W.2d 933, 939 (Tex. App.--Houston [1st Dist.] 1990, no writ).

 The plaintiff in a suit on a sworn account is required to prove (1) the sale and
delivery of merchandise or performance of services; (2) that the amount of the
account is "just," that is, the prices charged are pursuant to an express agreement, or
in the absence of an agreement, that the charges are usual, customary, or reasonable; 
and (3) that the outstanding amounts remain unpaid. Powers v. Adams, 2 S.W.3d 496,
499 (Tex. App.--Houston [14th Dist.] 1999, no pet.).

 Cates testified that, in response to a call from Willie, a legal secretary was
provided and the parties agreed to a billing rate of $33 per hour. She also testified
that Willie was billed, but did not pay, the hourly fees that form the basis of the claim. 
The temporary secretary's time sheets, invoices, and a log showing collection calls
to Willie were introduced into evidence. Willie did not dispute the facts relating to
his receipt of temporary services, the hourly rate charged, or the amount of the
invoices. He did, however, assert that he had already paid these fees. The judge was
entitled to believe Donovan and Watkins's evidence and not believe Willie's claim
of payment. This presents more than a scintilla of evidence to support the court's
findings that temporary employment services were supplied by Donovan and
Watkins; the hourly fees were just because they were expressly agreed to by Willie;
and he failed to pay them.

 Regarding the permanent placement fee, Willie does not dispute that he hired
the temporary secretary and thereby received permanent placement services from
Donovan and Watkins, but he does dispute the justness of the charges. Justness may
be shown by proving either that the charges are agreed to, or alternatively, that the
charges are usual, customary, and reasonable. Garrison Contractors, Inc. v. Liberty
Mut. Ins. Co., 927 S.W.2d 296, 303 (Tex. App.--El Paso 1996) aff'd, 966 S.W.2d
482 (Tex. 1998). 

 At trial, Donovan and Watkins claimed that $8,064 was due on the account for
the placement fee. This claim was supported by an invoice and the testimony of
Cates. Willie contended that only $288 was due. He testified a check for this amount
was included when he notified Donovan and Watkins of the permanent hiring. The
check was not cashed and was eventually returned by Donovan and Watkins. 

 Both Willie and Donovan and Watkins agreed that some payment was due
under the permanent placement clause found on the time sheets, but they disagreed
on the amount. However, there was a consensus that at least $288 was owed, and this
is the amount the court awarded. The evidence was legally sufficient to support the
court's finding. 

 The evidence was also factually sufficient to uphold the judgment. Neither the
court's finding that the account remained unpaid nor the court's finding that $288 was
owed as a placement fee was against the great weight and preponderance of the
evidence. The only dispute regarding the temporary fees was whether Willie had
previously paid these charges. In response to evidence of nonpayment, Willie
asserted he had, in fact, paid, but he produced no cancelled checks or accounting
records to further substantiate his claim. Regarding the placement fee, Willie testified
that he saw nothing describing the fee beyond what was printed on the time sheets. 
He then submitted a check for $288, and it was refused. Although Donovan and
Watkins presented evidence suggesting that another interpretation of the permanent
placement fee clause was possible, the position advocated by Willie carried the day. 
The evidence was legally and factually sufficient to support the judgment.

 We overrule Willie's second point of error.

 We affirm the judgment. 

 

 

 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack. 

Do not publish. Tex. R. App. P. 47.
1. This language is taken from the Donovan and Watkins time sheets that
were signed by Willie. The full text stated:


 As an authorized representative of the company, I hereby
certify that the above hours are correct. Should our firm
wish to hire this person on a permanent basis within one
year of this date, we agree to notify Donovan and Watkins
immediately and fulfill our obligation by electing either of
the following payment methods: (1) a conversion period,
consisting of 320 straight-time hours starting upon
notification, during which the temporary remains on
Donovan and Watkins' payroll; or (2) a payment of the
standard Texas employment fee of 1% per $1000 of annual
salary.
2. An additional document further detailing the placement fee and
providing examples consistent with Donovan and Watkins'
interpretation was apparently never given to Willie. 
3. Rule 185 states:


 When any action or defense is founded upon an
open account or other claim for goods, wares and
merchandise, including any claim for a liquidated
money demand based upon written contract or
founded on business dealings between the parties, or
is for personal service rendered, or labor done or
labor or materials furnished, on which a systematic
record has been kept, and is supported by the
affidavit of the party, his agent or attorney taken
before some officer authorized to administer oaths,
to the effect that such claim is, within the knowledge
of affiant, just and true, that it is due, and that all just
and lawful offsets, payments and credits have been
allowed, the same shall be taken as prima facie
evidence thereof, unless the party resisting such
claim shall file a written denial, under oath. A party
resisting such a sworn claim shall comply with the
rules of pleading as are required in any other kind of
suit, provided, however, that if he does not timely
file a written denial, under oath, he shall not be
permitted to deny the claim, or any item therein, as
the case may be. No particularization or description
of the nature of the component parts of the account
or claim is necessary unless the trial court sustains
special exceptions to the pleadings.

 

 Tex. R. Civ. P. 185.

 
4. Judge Ed Landry was presiding over the case because the
Honorable Eugene Chambers had passed away on January 24,
2000. 
5. The only other witness for Donovan and Watkins was John Donovan,
who testified as to his attorney's fees.